

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| PENNY SCHROCK, APPOINTING AUTHORITY DEPARTMENT OF SOCIAL SERVICES, DIVISION OF FINANCE AND ADMINISTRATIVE SERVICES, | ) ) ) ) ) ) | WD78835<br><br>OPINION FILED: July 26, 2016 |
| Respondent, | ) ) | |
| v. | ) ) | |
| XINSHENG (RANDY) GAN, | ) ) | |
| Appellant. | ) | |

**Appeal from the Circuit Court of Cole County, Missouri**
The Honorable Jon E. Beetem, Judge

Before Special Division: Mark D. Pfeiffer, Chief Judge, Presiding, Gary D. Witt, Judge
and Anthony Rex Gabbert, Judge

## INTRODUCTION

Appellant Xinsheng (Randy) Gan ("Employee") appeals from the judgment of the

Circuit Court of Cole County, which reviewed a decision by the Administrative Hearing

Commission ("Commission") that had determined that the termination of Employee's

employment with the Missouri Department of Social Services ("Department") was

wrongful. Respondent Penny Schrock ("Employer"), representing the Department, had

sought review of the Commission's decision by the circuit court. The circuit court found that the Commission had used the wrong legal standard in determining whether Employee's dismissal was for "racial reasons" and remanded the case back to the Commission. Employee seeks to appeal the circuit court's judgment, prior to the remand back to the Commission, and seeks affirmance of the Commission's decision. Because this Court reviews the decision of the Commission and not the circuit court, Employer, as the party aggrieved by the decision of the Commission, argues the Commission erred because it misapplied the law when it determined that Employee was dismissed for racial reasons because the Commission found that Employee had violated several Department policies and was insubordinate for failing to follow his employer's instructions.

## FACTS AND PROCEDURAL HISTORY

On February 1, 2013, Employer dismissed Employee from his job as a Research Analyst for the Department after six years of employment. Employee was reprimanded by the Department for various alleged offenses on multiple occasions throughout his employment. These alleged offenses included: repeatedly falling asleep at his desk during work, unauthorized internet use, scratching his leg during a meeting, and leaving a meeting early. Although the Commission recognized that "there [was] cause to discipline [Employee] … [for] using the internet for personal reasons . . . and appearing to be sleeping at his desk in January 2013 when he was in fact meditating," it found that these incidents were minor in nature. Further, it found that "[Employee's] race contributed to the appointing authority's decision to dismiss him and that his conduct was not of such serious nature as to warrant his dismissal." Accordingly, the Commission found that

2

Employee's dismissal was not for the good of the service and ordered his reinstatement. In other words, the Commission decided that cultural differences unfairly contributed to a negative perception of Employee, thus resulting in unlawful discrimination and, ultimately, the termination of his employment with the Department.

Employer then sought review of the Commission's decision at the Circuit Court of Cole County. The circuit court did not consider the substantive factual findings and legal conclusions of the Commission's decision. Rather, the circuit court determined that the Commission "exceeded its jurisdiction when it made a determination that race was a *contributing factor* in the underlying cause" (emphasis added). Instead, the circuit court decided that the "[Commission] can only determine if the dismissal was for racial reasons, *a sole cause type analysis* . . . [and not just] that race was a contributing factor" (emphasis added). For these reasons, the circuit court ordered that "the cause is remanded to the [Commission] for issuance of its order consistent with the above analysis." Employee now appeals the circuit court's judgment.[1]

## ANALYSIS

At issue in the circuit court's judgment is the authority of the Commission to find Employee was dismissed for racial reasons where race was a contributing factor in the decision to terminate his employment. "The [Commission] is a creature of statute and

---

[1] Although Employee filed this appeal as the party aggrieved by the decision of the circuit court, Employer filed the appellant's brief under Rule 84.05(e) because she was aggrieved by the Commission's decision. "In an appeal from a judgment of a trial court addressing the decision of an administrative agency, this court reviews the decision of the administrative agency and not the judgment of the trial court." *Atwell v. Fitzsimmons*, 452 S.W.3d 670, 673 n.2 (Mo. App. W.D. 2014) (citing *Bird v. Mo. Bd. of Architects*, 259 S.W.3d 516, 520 n.7 (Mo. banc 2008)). "However, in our mandate, we reverse, affirm, or otherwise act upon the judgment of the trial court." *Id*. *See* Rule 84.14.

3

has only such … authority as may be granted by the legislature." *Atwell v. Fitzsimmons*, 452 S.W.3d 670, 676 (Mo. App. W.D. 2014). The circuit court's judgment considered the authority of the Commission to make a determination that "race was a contributing factor" in the context of resolving an employee complaint raised under Chapter 36, the State Personnel Law. Section 36.390.5[2] provides the following:

> Any regular employee who is dismissed or involuntarily demoted for cause or suspended for more than five working days may appeal in writing to the administrative hearing commission within thirty days after the effective date thereof, setting forth in substance the employee's reasons for claiming that the dismissal, suspension or demotion was for political, religious, or racial reasons, or not for the good of the service.

*See also* Section 621.075. Pursuant to the plain language of the statute, Employee has the right to challenge his dismissal by filing an appeal with the Commission if he believes his dismissal was for "racial reasons."

Despite this clear mandate, the circuit court proceeded in its judgment to consider 1 CSR 20-3.080(4)(B), which is a regulation pertaining to personnel selection, appointment, evaluation, and separation. The regulation's stated purpose is to "[prohibit] discrimination and influences other than merit in the various aspects of personnel administration." 1 CSR 20-3.080. 1 CSR 20-3.080(4)(B) provides the following:

> In any case of alleged discrimination for which a review is not provided by the Missouri Commission on Human Rights and Chapter 213, RSMo, *or by other provisions of these rules*, an applicant or employee who *feels adversely affected* in an opportunity for employment, in his/her status as an employee, or in his/her condition of employment because of this discrimination, under this rule, may appeal to the Administrative Hearing Commission for a review of the alleged discriminatory action or practice.

---

[2] All statutory references are to the Revised Statutes of Missouri 2000 as currently supplemented, unless otherwise indicated.

4

(emphasis added). The circuit court found that this regulation conflicts with the statutory authority granted to the Commission by the legislature because, pursuant to the regulation, the Commission can only review cases for which Chapter 213 review (the Missouri Human Rights Act) is not provided.

It does not appear to this Court that any such conflict exists. First, whereas sections 36.390.5 and 621.075 apply explicitly and specifically to situations in which an employee has been *dismissed*, *demoted* or *suspended*, 1 CSR 20-3.080(4)(B) is a regulation that provides a grievance procedure for any employee who feels "adversely affected" in opportunity for employment, status as an employee, or in conditions of employment. 1 CSR 20-3.080(4)(B) applies more broadly than sections 36.390.5 and 621.075, as no demotion or dismissal is required for 1 CSR 20-3.080(4)(B) to apply. Second, 1 CSR 20-3.080(4)(B) also explicitly contemplates that other regulations may provide the authority to review allegations of discrimination. One such regulation that the trial court failed to consider is 1 CSR 20-3.070(5), that explicitly applies to situations in which an employee has been separated from employment. The regulation provides:

> Any regular employee who is dismissed shall have the right to appeal in writing to the Administrative Hearing Commission within thirty (30) days after the effective date setting forth in substance reasons for claiming the dismissal was for political, religious, or racial reasons or not for the good of the service.[3]

1 CSR 20-3.070(5)(A). Indeed, the regulations do provide what the statutes explicitly provide: review by the Commission in cases where an employee alleges he or she has

---

[3] The Department acknowledged at oral argument that discrimination, in any fashion, cannot be found to be "for the good of the service."

5

been separated from his or her employment for racial reasons. 1 CSR 20-3.080(4)(B) merely provides an additional mechanism for the review of allegations of racial discrimination where no other review, whether under the MHRA or by the Commission, has already been provided.

However, the circuit court, in an attempt to harmonize 1 CSR 20-3.080(4)(B) with section 36.390.5, concluded that the Commission only has the authority to determine "if the dismissal was for racial reasons, a sole cause type analysis." Unstated in the judgment is exactly why a "sole cause type analysis" is appropriate and how it would resolve the alleged conflict, as opposed to the contributing factor analysis generally used by Missouri courts when considering claims of racial discrimination affecting employment. *See e.g., Daugherty v. City of Maryland Heights*, 231 S.W.3d 814, 819 (Mo. banc 2007) ("Nothing in this statutory language of the MHRA requires a plaintiff to prove that discrimination was a substantial or determining factor in an employment decision; if consideration of age, disability, or other protected characteristics contributed to the unfair treatment, that is sufficient"); *see also Templemire v. W&M Welding, Inc*., 433 S.W.3d 371, 383-84 (Mo. banc 2014) (explaining that Missouri provides greater protection than federal non-discrimination laws in that showing an illegal factor played a role in a discharge decision violates both the Missouri Human Rights Act and also the workers' compensation laws). Not only is it unclear, as explained *supra*, as to what conflict actually exists between the statutes and regulation considered by the circuit court, but equally perplexing is the crafted remedy.

Regardless, before we may address the substantive issues presented by this appeal, we must first consider Employer's motion to dismiss, which raises the issue of whether this Court has jurisdiction to decide the appeal. *See DeGennaro v. Alosi*, 389 S.W.3d 269, 273 (Mo. App. W.D. 2013). If it is determined that jurisdiction does not exist, our only authority is to transfer the case to the court that does have jurisdiction. *Moses v. Carnahan*, 186 S.W.3d 889, 896 (Mo. App. W.D. 2006).

A party may seek judicial review of an agency decision by filing a petition with the proper circuit court. *See* Section 536.110. After reviewing the Commission's decision, the circuit court "shall render judgment affirming, reversing, or modifying the agency's order, and may order the reconsideration of the case in the light of the court's opinion and judgment, and may order the agency to take such further action as it may be proper to require[.]" Section 536.140.5. Pursuant to section 536.140.6, a party may appeal from the judgment of a court reviewing an agency decision as in other civil cases.

"Section 512.020 provides that any party aggrieved by a decision of a trial court may appeal from any final judgment in the case." *Taylor v. Civil Serv. Comm'n of St. Louis Cty.*, 969 S.W.2d 763, 764 (Mo. App. E.D. 1998) (internal quotation omitted). A judgment is final "if the agency arrived at a terminal, complete resolution of the case." *Buchheit, Inc. v. Mo. Comm'n on Human Rights*, 215 S.W.3d 268, 274 (Mo. App. W.D. 2007) (citation omitted). "A final and, therefore, appealable judgment disposes of all issues for all parties in the case and leaves nothing for future determination." *DeGennaro*, 389 S.W.3d at 273 (quoting *Collins v. Collins*, 923 S.W.2d 487, 489 (Mo. App. S.D. 1996)).

7

In general, a cause remanded to an agency does not constitute a final judgment, and, therefore, is not appealable. *Buchheit*, 215 S.W.3d at 274-5 (citing *Jones v. Mo. Highway & Transp. Comm'n*, 639 S.W.2d 182, 183 (Mo. App. S.D. 1982)). For example, appeals are not authorized when there is a remand to an agency requiring the consideration of additional evidence or further proceedings. *See Taylor*, 969 S.W.2d at 764 ("an appeal from an order remanding to an administrative tribunal for additional proceedings is not authorized by section 512.020"). Further, whether a decision may be appealed depends on whether or not there was a determination of the underlying merits of the case. *Fowler v. T.J. Ahrens Excavating, Inc.,* 431 S.W.3d 561, 562 (Mo. App. E.D. 2014). If the case was remanded without a determination of the underlying merits, the appeal should be dismissed due to lack of final judgment. *Buchheit*, 215 S.W.3d at 276.

However, in certain limited circumstances, a remand to the Commission may be appealable. As elaborated in *Buchheit,* the finality of a remand to the Commission dependent on the nature of the remand. 215 S.W.3d at 275. When "the circuit court remands a case back to the commission based on insufficient evidence to support the commission's decision or because the commission's decision is not supported by substantial and competent evidence, 'there is a final judgment for purposes of appeal.'" *Id.* at 275 (quoting *Campbell v. Labor & Indus. Relations Comm'n*, 907 S.W.2d 246, 248 n.1 (Mo. App. W.D. 1995)). In such cases, the decision to remand has been made after a decision on the merits. *Id.* at 275.

In this case, Employee argues that the circuit court's decision to remand was not for further proceedings, and, therefore, is final and should be appealable to this court.

8

Employee reasons that the judgment was final because the remand was not for additional fact-finding or further proceedings, but rather "to ministerially substitute the Circuit Court's preferred legal determination for the Commission's own, leaving the Commission no real discretion." In other words, the remand was for a simple substitution of the Commission's legal conclusion with the circuit court's conclusion. Employee argues that because "the circuit court had enough information to decide those questions, and thus remanded only because it disagreed with the agency on the law, the Court of Appeals would also have sufficient information to decide those legal questions."

We disagree. The circuit court remanded the case to the Commission because the circuit court found that the Commission exceeded its jurisdiction in determining whether race was a contributing factor of Employee's dismissal. Rather than considering whether race was a contributing factor in the decision to terminate Employee's employment, the circuit court ordered the Commission to consider whether Employee was dismissed for racial reasons, a *sole cause type analysis*, according to the circuit court. In order to resolve this question, the Commission will be required to make new factual findings and decide mixed questions of law and fact that previously it was not required to consider. For example, a sole cause type analysis will require a closer look at the evidence and discretionary judgments regarding whether violations cited by Employer for Employee's dismissal were actually pretextual and that race was in fact the actual cause of dismissal. Because the circuit court found that the Commission used an incorrect legal standard in deciding whether Employee's dismissal was for racial reasons, a more lax standard as opposed to the stricter standard proposed by the circuit court, it is akin to the court

remanding because the Commission has made insufficient findings of fact. The Commission must be allowed to complete its work before it may be reviewed on appeal.[4] *See Buchheit,* 215 S.W.3d at 275 (insufficient findings by the Commission prevents the trial court from preforming its limited review function, which in turn prevents this Court from performing its appellate function on the merits of the case).

Moreover, despite Employee's claims to the contrary, the circuit court did not make a judgment on the underlying merits of the case. Instead, the circuit court decided that the Commission must consider the facts under a new legal standard, which will require new factual findings. Accordingly, the judgment left questions unanswered for future consideration. For example, only after the Commission makes its findings under this new legal standard, then the circuit court will be required to determine whether the Commission's decision is supported by competent and substantial evidence. *See* Section 536.140.2. No such review has yet been made by the circuit court. Unlike *Buchheit*, where the merits of the case were determined by the circuit court, the legality of Employee's termination was never considered or discussed by the circuit court. *See Buchheit*, 215 S.W.3d at 274. ("In this case, the circuit court did not remand the case to the commission because it made insufficient findings of fact. Rather, here, the circuit

---

[4] As already explained in the first section of this opinion, the circuit court's finding of a conflict between section 36.390.5 and 1 CSR 20-3.080.4(B) is perplexing. However, because we do not have jurisdiction over this appeal, we do not have the authority to resolve that question today. Although it may seem inefficient to remand this case back to the Commission to comply with the circuit court's judgment in this case where we have concerns over the circuit court's legal conclusions, we must do so. This rule is important because it prevents cases from being decided on a piecemeal basis, and, in the end, promotes judicial efficiency. *Fowler*, 431 S.W.3d at 563 ("The logic behind such a rule is obvious, that being to avoid hearing appeals on a piecemeal basis. One appeal should suffice to determine all controverted issues."). That said, to promote judicial efficiency, it may be of value for the Commission to analyze the case on both a "sole cause" and a "contributing factor" analysis and submit both for future appellate review.

court's remand was ordered after a decision on the merits"). Where there are unanswered questions, there is not a "terminal, complete resolution of the case." *Id.*

Therefore, because the cause was remanded back to the Commission for further proceedings and factual findings and the merits of the case were not considered, the judgment is not final and not appealable to this Court. This Court does not have jurisdiction and is required by law to transfer the case to the entity that does have jurisdiction. *Moses*, 186 S.W.3d at 896.

### Conclusion

The appeal is dismissed and the cause is remanded to the Commission.[5]

_____
Gary D. Witt, Judge

All concur

---

[5] As we have determined we have no jurisdiction to hear this appeal, Employee's Motion for Attorney's Fees and Costs is denied without prejudice.