In the Missouri Court of Appeals
 Eastern District
 DIVISION THREE

PLANNED PARENTHOOD OF ) No. ED109654
ST. LOUIS REGION, et al., )
 ) Appeal from the Circuit Court
 Respondents, ) of the City of St. Louis
 )
vs. )
 ) Honorable Christopher McGraugh
MISSOURI DEPARTMENT )
OF SOCIAL SERVICES, et. al., )
 )
 Appellants. ) Filed: December 14, 2021

 The Missouri Department of Social Services, MO HealthNet Division, and Missouri

Medicaid Audit and Compliance Unit (collectively “State”) appeal the circuit court’s award of

attorney’s fees to Planned Parenthood of St. Louis Region and Reproductive Health Services of

Planned Parenthood of St. Louis Region (collectively “Planned Parenthood”). The award was part

of the circuit court’s judgment that reversed the decision of the Administrative Hearing

Commission, and concluded that the State was required to pay Planned Parenthood for valid

Medicaid claims submitted in fiscal year 2020. The circuit court remanded the cause to the

Commission for a determination of the amount of the claims, interest, and attorney’s fees and

expenses due Planned Parenthood. We dismiss the appeal, for lack of a final judgment.
 Factual and Procedural Background

 This appeal stems from the State’s denial of Planned Parenthood’s Fiscal Year 2020 claims

for physician and family-planning services provided to Medicaid-eligible individuals. A brief

background of the operation and funding of Missouri’s Medicaid program aids in understanding

the background and posture of this case. Missouri’s Medicaid program is known as MO

HealthNet, and is administered by the Mo HealthNet Division of the Missouri Department of

Social Services. Planned Parenthood of St. Louis Region v. Dept. of Social Servs., Div. of Med.

Servs., 602 S.W.3d 201, 204 (Mo. banc 2020). Under Missouri law, payments are made “on behalf

of” the Medicaid-eligible person receiving the services, but are made to the authorized provider

from which the eligible person received the services. Sections 208.152.1(6) and (12); Planned

Parenthood of St. Louis Region, 602 S.W.3d at 205. Missouri law further provides that “any

person entitled to MO HealthNet benefits may obtain it from any provider of services with which

an agreement is in effect under this section and which undertakes to provide the services, as

authorized by the MO HealthNet division.” (Emphasis added). Section 208.153.1. MO HealthNet

has authorized Planned Parenthood to provide physician and family-planning services to

Medicaid-eligible individuals. In the past, this was sufficient to permit Planned Parenthood to

provide those services and receive payment for them, from MO HealthNet, from money

appropriated by the General Assembly. Planned Parenthood of St. Louis Region, 602 S.W.3d at

205.

 House Bill No. 11 (2019) (“HB11”) was the Department of Social Services’ appropriations

bill for Fiscal Year 2020.1 The General Assembly appropriated funds for the fiscal year, for the

1
 Fiscal Year 2020 began July 1, 2019, and ended June 30, 2020. House Bill 11 (2019) was “an act to appropriate
money for the expenses, grants, and distributions of the Department of Social Services and the several divisions and
programs thereof to be expended only as provided in Article IV, Section 28 of the Constitution of Missouri, and to
transfer money among certain funds for the period beginning July 1, 2019, and ending June 30, 2020….”

 2
purpose of funding “physician services and related services, including, but not limited to … family

planning services under the MO HealthNet fee-for-service program….” Section 11.645 HB11.

But then the General Assembly attempted to prohibit funds from being paid to an abortion facility.

Section 11.930 of HB11 provided that:

 “[n]o funds shall be expended to any clinic, physician’s office, or any other place
 or facility in which abortions are performed or induced other than a hospital, or any
 affiliate or associate of any such clinic, physician’s office, or place or facility in
 which abortions are performed or induced other than a hospital.”

Citing this section, the State notified Planned Parenthood that it would be denying Planned

Parenthood’s fiscal year 2020 provider claims due to lack of appropriation authority. The State

reasoned that because Reproductive Health Services of Planned Parenthood of St. Louis Region is

licensed by the Missouri Department of Health and Senior Services as an abortion facility, and

because Planned Parenthood of St. Louis Region is an affiliate and/or associate of that provider,

the two were thus ineligible for payments pursuant to Section 11.930 of HB11 and Article IV,

Section 28 of the Missouri Constitution.2

 Planned Parenthood appealed the denial of its claims to the Administrative Hearing

Commission. The Commission concluded the State’s denials were required by the language in

Section 11.930 of HB11, and thus affirmed the denial of Planned Parenthood’s claims.

 Planned Parenthood petitioned for judicial review in the circuit court. While that review

was pending, the Supreme Court of Missouri issued its decision in Planned Parenthood of St. Louis

Region v. Department of Social Services, Division of Medical Services, 602 S.W.3d 201 (Mo. banc

2020). In that case, like here, the State refused to reimburse Planned Parenthood for family-

2
 Article IV, Section 28 of the Missouri Constitution prohibits the Department of Social Services from spending any
funds in excess of the assigned amount and/or outside the assigned purpose of an appropriation.

 3
planning and physician services provided to Medicaid-eligible individuals.3 Like here, the State

based its denial on a provision in fiscal year’s appropriation bill prohibiting funds from being

expended to an abortion facility. That provision, Section 11.800 of House Bill No. 2011

(2018)(“HB2011”), stated: “No funds shall be expended to any abortion facility as defined in

Section 188.015, RSMo, or any affiliate or associate thereof.”

 Planned Parenthood challenged the constitutional validity of Section 11.800 of HB2011,

contending it was impermissible to use an appropriation bill to amend substantive law – in

particular, Sections 208.153.2 and 208.152.1(6), (12) – because such action violated the single-

subject requirement of Article III, Section 23 of the Missouri Constitution. The Supreme Court of

Missouri reached the same conclusion and declared Section 11.800 unconstitutional.

 Article III, Section 23 of the Missouri Constitution prohibits bills with more than one

subject.4 Planned Parenthood of St. Louis Region, 602 S.W.3d at 206-207. “Any bill that purports

to combine appropriations with the enactment or amendment of general or substantive law

necessarily contains more than one subject in violation of article III, section 23….”5 Id. at 207.

Sections 208.153.2 and 208.152.1(6), (12) require MO HealthNet to pay its authorized providers,

including Planned Parenthood, for covered physician and family-planning services provided to

Medicaid-eligible individuals. Id. at 209. Section 11.800 of HB2011, however, purported to add

a limitation on which health-care providers could receive payments. Id.

3
 The providers in the case before the Supreme Court of Missouri are the same providers in the instant case: Planned
Parenthood of St. Louis Region and Reproductive Health Services of Planned Parenthood.
4
 Article III, Section 23 of the Missouri Constitution provides: “No bill shall contain more than one subject which
shall be clearly expressed in its title, except bills enacted under the third exception in section 37 of this article and
general appropriation bills, which may embrace the various subjects and accounts for which moneys are appropriated.”
Section 23 allows a narrow exception to the prohibition on multi-subject bills for appropriation bills because such bills
necessarily include multiple subjects, i.e., appropriations of differing amounts from differing accounts for differing
subjects. Planned Parenthood of St. Louis Region, 602 S.W.3d at 206-207. However, this narrow exception did not
apply in the case. Id at 207.
5
 Further, such a bill does not fall within the exception for general appropriation bills. Planned Parenthood of St.
Louis Region, 602 S.W.3d at 207.

 4
 The Supreme Court of Missouri concluded that Section 11.800 of HB2011 was in direct

conflict with Sections 208.153.2 and 208.152.1(6), (12), and thus was an attempt to amend those

general statutes. Id. at 208-209. Specifically, the Supreme Court of Missouri stated: “the language

in section 11.800 seeking to disqualify certain authorized providers based on services they provide

separately and apart from the MO HealthNet program – and for which no MO HealthNet payments

can be made – is a naked attempt to use HB2011 both to appropriate funds for various purposes

and to amend sections 208.153.1 and 208.152.1(6), (12).” Id. at 209. Accordingly, the Supreme

Court of Missouri declared Section 11.800 unconstitutional, as a “clear and unmistakable violation

of the proscription in article III, section 23 of the Missouri Constitution against bills with multiple

subjects.” Id. at 209-11.6

 We return to the instant case. Planned Parenthood raised the same constitutional challenge

to Section 11.930 of HB11, as it had to Section 11.800 of HB2011. The State conceded the validity

of Section 11.930 was controlled by the Supreme Court of Missouri’s Planned Parenthood

decision, and therefore the section was invalid.

 The circuit court, in following the Supreme Court’s decision, reached the same conclusion,

and reversed the Commission’s decision. The circuit court declared Section 11.930 of HB11

unconstitutional, and ruled invalid the State’s decision to deny payment to Planned Parenthood for

physician and family-planning services based on that section. The circuit court thus found that the

Missouri Department of Social Services was required to pay Planned Parenthood for valid MO

HealthNet claims submitted in fiscal year 2020, including interest on money wrongfully withheld

by the state pursuant to Section 621.055, and attorney’s fees and expenses pursuant to Section

536.087. The circuit court, as argued for by the State, then remanded the cause to the Commission

6
 The Supreme Court of Missouri concluded that Section 11.800 was severable from HB2011. Planned Parenthood
of St. Louis Region, 602 S.W.3d at 212.

 5
for a “determination of the amount of the claims, interest, and attorney’s fees and expenses due

[Planned Parenthood.]”

 The State appeals, contesting the attorney’s fees aspect of the circuit court’s judgment. The

State contends Planned Parenthood’s purported application for attorney’s fees and the circuit

court’s judgment both run afoul of the requirements set out in Section 536.087, which is the statute

that authorizes an award of attorney’s fees to a prevailing party in an action against the State or

State agency, if the State or agency’s position was not substantially justified. Planned Parenthood

has moved to dismiss the appeal for lack of a final judgment.

 Discussion

 “The right to appeal is purely statutory and, where a statute does not give a right to appeal,

no right exists.” Wilson v. City of St. Louis, 600 S.W.3d 763, 767 (Mo. banc 2020). “An appeal

without statutory sanction confers no authority upon an appellate court except to enter an order

dismissing the appeal.” Wunderlich v. Wunderlich, 505 S.W.3d 434, 436 (Mo. App. W.D.

2016)(quoting Fannie Mae v. Truong, 361 S.W.3d 400, 405 (Mo. banc 2012); Schrock v. Gan,

494 S.W.3d 631, 637 (Mo. App. W.D. 2016)(only authority is to dismiss and transfer case to entity

that does have authority).

 Many statutes govern the right to appeal. Wilson, 600 S.W.3d at 767. Attorney’s fees in

this case are authorized by Section 536.087. Section 536.087 further authorizes an appeal if a

party or the State “is dissatisfied with a determination of fees and other expenses….” Section

536.087.7.7 Section 536.087.7 is the statute applicable here. Jackson County v. McClain Enters.,

7
 In full, Section 536.087.7 provides:
 If a party or the state is dissatisfied with a determination of fees and other expenses made in an
 agency proceeding, that party or the state may within thirty days after the determination is made,
 seek judicial review of that determination from the court having jurisdiction to review the merits of
 the underlying decision of the agency adversary proceeding. If a party or the state is dissatisfied
 with a determination of fees and other expenses made in a civil action arising from an agency
 proceeding, that party or the state may, within the time permitted by law, appeal that order or

 6
Inc., 190 S.W.3d 633, 638 (Mo. App. W.D. 2006)(statute addressing appealability in specific terms

controls over Section 512.020, which governs appeals generally).8 The question, then, is whether

this statute affords an appeal at this point in the case. We conclude that it does not.

 Any time this Court is called upon to apply a statute, our primary obligation is to ascertain

the intent of the legislature from the language used, and to give effect to that intent if possible.

Kehlenbrink v. Dir. of Revenue, 577 S.W.3d 798, 800 (Mo. banc 2019); Hixson v. Missouri State

Highway Patrol, 611 S.W.3d 923, 926 (Mo. App. E.D. 2020). We do so by considering the words

used in their plain and ordinary meaning. Hixson, 611 S.W.3d at 926. We interpret statutes not in

a hyper-technical way, but in a reasonable, logical way that gives meaning to the statute and the

legislature’s intent as reflected in the statute’s plain language. Id.

 To appeal in this case, there must be a “determination of fees.” The word “determination”

is not statutorily defined in Chapter 537. We thus turn to dictionary definitions to determine the

word’s plain and ordinary meaning. Lapponese v. Carts of Colorado, Inc., 422 S.W.3d 396, 402

(Mo. App. E.D. 2013). The word “determination” has many meanings. Relevant here, however

are the following: “the act of deciding definitely and firmly;” “the act of finding out or calculating

something;” and “a fixing or finding of the position, magnitude, value, or character of something.”

 judgment to the appellate court having jurisdiction to review the merits of that order or judgment.
 The reviewing or appellate court’s determination on any judicial review or appeal heard under this
 subsection shall be based solely on the record made before the agency or court below. The court
 may modify, reverse or reverse and remand the determination of fees and other expenses if the court
 finds that the award or failure to make an award of fees and other expenses, or the calculation of
 the amount of the award, was arbitrary and capricious, was unreasonable, was unsupported by
 competent and substantial evidence, or was made contrary to law or in excess of the court’s or
 agency’s jurisdiction. Awards made pursuant to this act shall be payable from amounts appropriated
 therefor. The state agency against which the award was made shall request an appropriation to pay
 the award.
(Emphases added).
8
 Even under Section 512.020, the circuit court’s judgment would not be final for purposes of appeal because it does
not dispose of all issues in the case, but instead leaves matters for future determination. See, e.g., ACU Credit Union
v. Estate of Melman, 788 S.W.2d 803, 804 (Mo, App. E.D. 1990)(no final judgment where trial court granted motion
for attorney’s fees but did not enter a monetary amount to be paid).

 7
Merriam-Webster Dictionary.9 “Determination” also means “the ascertaining or fixing of the

quantity, quality, position, or character of something.” The American Heritage Dictionary of the

English Language, 5th Edition.10

 Additionally, in ascertaining the intent of the legislature, we do not read the words of a

statute in isolation; rather, we read the words and language used in the context of the entire statute

to determine their plain and ordinary meaning. Kehlenbrink, 577 S.W.3d at 800; Hixson, 611

S.W.3d at 926. We note that in crafting Section 536.087.7 the legislature provided that this Court

may:

 modify, reverse or reverse and remand the determination of fees and other expenses
 if the court finds that the award or failure to make an award of fees and other
 expenses, or the calculation of the amount of the award, was arbitrary and
 capricious, was unreasonable, was unsupported by competent and substantial
 evidence, or was made contrary to law or in excess of the court’s or agency’s
 jurisdiction.

(Emphasis added). Inclusion of a remedy for the calculation of the amount of the award indicates

that the legislature intended there be an amount of an award before an appeal is taken.

 In light of these guiding principles, the definitions of the word “determination,” and the

context of the statute, which affords a remedy for the calculation of the amount of an award, we

hold that the word “determination,” as it is used in Section 536.087.7, means the ascertainment of

an amount of fees. A “determination” of fees is not just an entitlement to fees, but the calculation

and fixing of how much those fees will be. Such a construction comports with the long-established

principle of Missouri law, which provides that a final disposition in an agency proceeding or a

civil action occurs “whenever the decision disposes of all issues as to all parties and leaves nothing

for future determination.” Davis v. Angoff, 957 S.W.2d 340, 343 (Mo. App. W.D. 1997); Schulze

9
 Online at https://www.merriam-webster.com/dictionary/determination)(accessed December 6, 2021)
10
 Online at https://ahdictionary.com/word/search.html?q=determination (accessed December 6, 2021)

 8
v. Erickson, 17 S.W.3d 588, 591 (Mo. App. W.D. 2000). Such a construction also comports with

the age-old policy against piecemeal appeals.

 Here, there has not been a determination of attorney’s fees. All that has been decided is

that the State must pay Planned Parenthood for valid MO HealthNet claims submitted in fiscal

year 2020, including attorney’s fees and expenses pursuant to Section 536.087. The circuit court

then remanded the matter back to the Commission for a determination of the amount of the claims,

interest, attorney’s fees, and expenses due Planned Parenthood. The circuit court’s judgment

leaves matters to future determination. The Commission has not determined the valid claims, nor

the amount of those claims. The Commission has not yet ascertained, calculated, or fixed the

amount of attorney’s fees. Further proceedings are required, at which additional evidence will be

adduced, and additional findings and conclusions of law made. For this Court to entertain matters

now would inevitably lead to piecemeal presentation of cases on appeal.

 The State acknowledges that a remand to the Commission is generally not appealable. “In

general, a cause remanded to an agency does not constitute a final judgment, and, therefore, is not

appealable.” Schrock, 494 S.W.3d at 636. For example, appeals are not authorized when there is

a remand to an agency requiring the consideration of additional evidence or further proceedings.

Id. (citing Taylor v. Civ. Serv. Comm’n of St. Louis Cty., Mo., 969 S.W.2d 763, 764 (Mo. App.

E.D. 1998)). But the State argues this is one of those limited circumstances when a remand to the

Commission may be appealable. The State relies on Buchheit and Schrock for proposition that

finality of an agency’s decision depends on the nature of the remand. Buchheit, Inc. v. Mo. Com’n

on Human Rights, 215 S.W.3d 268 (Mo. App. W.D. 2007); Schrock v. Gan, 494 S.W.3d 631 (Mo.

App. W.D. 2016). Those cases state that “whether a decision may be appealed depends on whether

or not there was a determination of the underlying merits of the case.” Schrock, 494 S.W.3d at

 9
636. If a case is remanded “without a determination of the underlying merits, the appeal should

be dismissed due to a lack of final judgment.” Id.; Buchheit, 215 S.W.3d at 275. The State argues

that the circuit court’s rulings in this case – that Section 11.930 of HB11 was unconstitutional, that

the State’s denial of payment was invalid, and that the State is required to pay Planned Parenthood

for valid MO HealthNet claims for fiscal year 2020 – constitute a determination of the underlying

merits, such that the circuit court’s judgment should be deemed final for purposes of appeal.

 The circuit court’s judgment in Buchheit was determined final for purposes of appeal

because the basis for remanding was lack of sufficient evidence to support the Commission’s

decision and because the circuit court had reviewed the merits of the underlying claim. Buchheit,

215 S.W.3d at 275-6. The circuit court’s judgment in Schrock was determined to not be final for

purposes of appeal because the circuit court did not make a judgment on the underlying merits of

the case. Instead, the court decided that the Commission had to consider the facts under a new

legal standard, which would require new factual findings. In sum, the judgment left questions

unanswered for future consideration. Schrock, 494 S.W.3d at 637.

 We agree with the principles stated in Buchheit and Schrock, but find that in applying those

principles here, the circuit court’s judgment is not final. Though the State conceded the invalidity

of Section 11.930 of HB11, upon which the State had based its denials, and though the circuit court

ruled that the State was required to pay Planned Parenthood for valid MO HealthNet claims

submitted in fiscal year 2020, including interest, attorney’s fees, and expenses pursuant to Section

536.087, this does not mean that the underlying merits of Planned Parenthood’s claim have been

fully resolved. The circuit court reviewed some, but not all of the merits of the underlying claim.

As in Schrock, the circuit court left questions unanswered for future consideration. Section

536.087 authorizes award of attorney’s fees for prevailing party, “unless the court or agency finds

 10
that the position of the State was substantially justified or that special circumstances make an

award unjust.” No such findings have been made by the circuit court. Further, the amount of

attorney’s fees has yet to be determined, as new evidence is needed. New findings must be made,

not only as to validity and the amount of claims, but as to the amount of fees and expenses. The

circuit court concluded that the determination of claims to be paid by the State would go beyond

the application of law to the facts, and thus the matter had to be remanded to the Commission, for

the Commission to determine the specific amount of claims, including attorney’s fees, to be paid

by the State. The State acknowledges that new evidence must be adduced, and argued to the circuit

court that it would be inappropriate for the circuit court to hear additional evidence on the matter,

and requested that the matter be remanded to the Commission for just such a determination.11 The

Court in Shrock sagely noted that the Commission must be allowed to complete its work before it

may be reviewed on appeal. The same is true here.

 Conclusion

 The circuit court’s judgment is not final for purposes of appeal. We grant Planned

Parenthood’s motion. We dismiss the appeal for lack of a final judgment and remand the cause to

the Commission.

 __________________________________
 Angela T. Quigless, Judge

Philip M. Hess, P.J., and
Colleen Dolan, J., concur.

11
 We note the circuit court agreed with the State’s argument, and followed the State’s request to remand the matter
to the Commission. It is well-settled that a party on appeal cannot complain of a matter in which the party joined at
trial. See, e.g., Bowers v. Bowers, 543 S.W.3d 608, 615 (Mo. banc 2018).

 11