

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| DANA CASNOCHA-JONES, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | WD87448 |
| | ) | |
| STATE BOARD OF NURSING, | ) | Opinion filed: June 3, 2025 |
| | ) | |
| Appellant. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF COLE COUNTY, MISSOURI**
**THE HONORABLE COTTON WALKER, JUDGE**

Division Three: Edward R. Ardini, Jr., Presiding Judge,
Alok Ahuja, Judge and Thomas N. Chapman, Judge

The State Board of Nursing (the "Board") appeals the judgment of the Circuit Court of Cole County (the "trial court") awarding Dana Casnocha-Jones attorney's fees. After the Board revoked Casnocha-Jones's nursing license, she sought judicial review in the trial court. The trial court reversed the Board's decision and ordered the Board issue her a probated license. The Board appealed, and this Court affirmed the trial court's judgment. Thereafter, Casnocha-Jones filed an application for attorney's fees in the trial court pursuant to section 536.087, RSMo,[1] seeking an award of the attorney's fees and expenses

---

[1] All statutory references are to RSMo 2016.

she incurred in the proceedings before the Board, the action for judicial review before the trial court, and the appeal before this Court. The trial court entered judgment granting her application in part, finding Casnocha-Jones was entitled to the attorney's fees and expenses she incurred in responding to the Board's appeal, but was not entitled to fees and expenses incurred during the disciplinary proceedings before the Board or the action for judicial review before the trial court.

We reverse the judgment of the trial court awarding Casnocha-Jones attorney's fees and expenses because Casnocha-Jones waived any claim for such fees and expenses, and, even if she had not, she failed to timely file her application under section 536.087.

## Factual and Procedural Background

In March 2020, the Board advised Casnocha-Jones—through her counsel—that the Board received information which it believed showed cause to discipline Casnocha-Jones's nursing license. The Board and Casnocha-Jones—through counsel—engaged in settlement discussions. In October 2021, the Board filed a complaint with the Administrative Hearing Commission ("AHC") seeking an order that grounds existed to discipline Casnocha-Jones's license.

The parties continued to engage in settlement discussions, and on March 10, 2022, the Board and Casnocha-Jones executed a settlement agreement, wherein Casnocha-Jones stipulated that her nursing license was subject to disciplinary action by the Board. She further stipulated to the factual allegations contained in the settlement agreement, which supported that, in 2019, she diverted opioid pain medications for personal use while working at a hospital. The Board and Casnocha-Jones agreed that her case would proceed

2

to a hearing before the Board for a determination as to what, if any, discipline should be imposed.

As relevant to this appeal, the settlement agreement also contained the following provisions:

> Come now Dana Casnocha Jones (Licensee) and the Missouri State Board of Nursing (Board) and enter into this Settlement Agreement for the purpose of resolving the question of whether Licensee's license to practice as a registered professional nurse will be subject to discipline.
>
> . . .
>
> Licensee acknowledges that she understands the various rights and privileges afforded her by law, including . . . the right to potentially recover attorney's fees incurred in defending this action against her license. Being aware of these rights provided her by operation of law, Licensee knowingly and voluntarily waives each and every one of these rights and freely enters into this Settlement Agreement in order to appear before the Board in a hearing to determine what, if any, discipline is appropriate under the facts as stipulated by the parties.
>
> . . .
>
> 8. Licensee, together with her heirs and assigns and her attorney(s), do hereby waive, release, acquit and forever discharge the Board . . . of, or from, any liability, claim, actions, causes of action, fees, costs and expenses and compensation, including, but not limited to, any claims for attorney's fees and expenses, including any claims pursuant to § 536.087, RSMo . . . which may be based upon, arise out of, or relate to any of the matters raised in this case, its settlement or from the negotiation or execution of its settlement.

On May 18, 2022, Casnocha-Jones appeared before the Board for a disciplinary hearing. At the hearing, Casnocha-Jones presented evidence demonstrating her recovery from substance abuse and success in her employment at a dialysis facility, including the testimony of her substance abuse counselor and her supervisor at work, as well as a letter

from the medical director of her substance abuse treatment program. Casnocha-Jones also testified. The Board presented no evidence, other than the stipulation of facts contained in the settlement agreement. The stipulation did not address Casnocha-Jones's treatment for substance abuse or her successful employment.

In July 2022, the Board issued its order revoking Casnocha-Jones's nursing license. The following month, Casnocha-Jones filed a petition for judicial review in the trial court. On January 29, 2023, the trial court entered its judgment reversing the Board's order. The trial court found that "[a]ll of the evidence introduced at the disciplinary hearing supports the conclusion that [Casnocha-Jones] has been rehabilitated, such that the Board's decision to revoke her license instead of placing her on probation is unsupported by competent and substantial evidence, is arbitrary, capricious and unreasonable, and an abuse of discretion." The trial court remanded the case to the Board and ordered the Board issue Casnocha-Jones a license subject to a three-year term of probation with specific terms and conditions delineated in the trial court's judgment.

The Board appealed. We issued our opinion affirming the trial court's judgment on March 12, 2024. *See Casnocha-Jones v. State Bd. of Nursing*, 686 S.W.3d 695 (Mo. App. W.D. 2024). Two weeks later—on March 26th—Casnocha-Jones filed in the trial court an application for attorney's fees and expenses pursuant to section 536.087, the statutory provision allowing private parties to recover attorney's fees and expenses when prevailing in agency proceedings. In her application, Casnocha-Jones sought the attorney's fees and expenses she incurred in the proceedings before the Board, the action for judicial review before the trial court, and the Board's appeal before this Court. The Board opposed the

application on various grounds, including: (1) the application was untimely under section 536.087; (2) Casnocha-Jones contractually waived her right to claim attorney's fees and expenses in the settlement agreement; and (3) Casnocha-Jones was not entitled to attorney's fees because the Board's disciplinary order was not a "position" for purposes of section 536.087.1.

The trial court granted Casnocha-Jones's application in part and denied it in part. The trial court concluded Casnocha-Jones was not entitled to an award of the attorney's fees and expenses she incurred in the proceedings before the Board or the action for judicial review before the trial court, because (1) she "did not file an application for fees within 30 days of the Judgment of [the trial court] becoming final, as required by § 536.087.3 RSMo," and (2) "[i]n making its decision to revoke [Casnocha-Jones's] license and in defending that decision in this Court, the Board was not taking a position for purposes of § 536.087."

However, the trial court concluded Casnocha-Jones was entitled to the attorney's fees and expenses she incurred in defending the Board's appeal. The trial court found that Casnocha-Jones did not waive the "claim for attorneys' fees incurred by her in the future in defending against discipline by the Board, in that [the settlement agreement] did not put [her] on notice that such fees incurred in the future would be waived." The trial court determined "there was no clear, unambiguous, unmistakable, and conspicuous waiver of the right to claim attorney fees in connection with an appeal by the Board of a Circuit Court order reversing the Board's disciplinary order." The trial court further found that, "[w]hile the Board did not take a position when it entered its disciplinary order or in defending that

5

Order in response to [Casnocha-Jones's] Petition for Judicial Review, the Board did take a position when it decided to appeal the Judgment reversing its disciplinary order. . . . Thus, as the prevailing party on that appeal [Casnocha-Jones] is entitled to recover her reasonable attorneys' fees and related expenses." The trial court ordered the Board to pay Casnocha-Jones $19,320.00 in attorney's fees and $997.97 in expenses.

The Board appeals.

**Standard of Review**

Section 536.087 sets forth our review of the trial court's decision to award attorney's fees and expenses, and provides in relevant part:

> The court may modify, reverse or reverse and remand the determination of fees and other expenses if the court finds that the award or failure to make an award of fees and other expenses, or the calculation of the amount of the award, was arbitrary and capricious, was unreasonable, was unsupported by competent and substantial evidence, or was made contrary to law or in excess of the court's or agency's jurisdiction.

§ 536.087.7; *see also State ex rel. Dep't of Nat. Res. v. Fowler Land Co., Inc.*, 673 S.W.3d 462, 465 (Mo. banc 2023). We review *de novo* "any questions of law raised by the application [for attorney's fees], including questions as to statutory interpretations." *Garland v. Ruhl*, 455 S.W.3d 442, 446 (Mo. banc 2015). Similarly, contract interpretation is a question of law which we review *de novo. HHS Tech. Grp. Holdings, LLC v. State*, 707 S.W.3d 788, 799 (Mo. App. W.D. 2025).

**Analysis**

The Board asserts the award of attorney's fees and expenses was erroneous for three independent reasons: (1) Casnocha-Jones's application for attorney's fees was untimely, in

6

that "Section 536.087 clearly requires a prevailing party to apply for attorney's fees within thirty days of first prevailing and Casnocha-Jones submitted her application a year late"; (2) "Casnocha-Jones explicitly waived any right to seek attorney's fees"; and (3) the Board "did not take a 'position,' as that term is used under § 536.087, during Casnocha-Jones's disciplinary hearing." We agree with the Board that Casnocha-Jones waived her claim for attorney's fees and expenses, and further find that, even if she had not, the untimeliness of her application precluded an award of attorney's fees and expenses under section 536.087.[2]

*Casnocha-Jones waived her claim for attorney's fees*

"The general rule in Missouri is that attorney fees are not awarded to every successful litigant," and instead are recoverable in just two situations: "when a statute specifically authorizes recovery and when [a] contract provides for attorney fees." *Lucas Stucco & EIFS Design, LLC v. Landau*, 324 S.W.3d 444, 445 (Mo. banc 2010). Although section 536.087 specifically authorizes the recovery of attorney's fees in agency proceedings, this statutory right may be waived. *See Malin v. Cole Cnty. Prosecuting Att'y*, 678 S.W.3d 661, 673 (Mo. App. W.D. 2023) ("statutory rights . . . can be waived"); *see also Coffer v. Wasson-Hunt*, 281 S.W.3d 308, 312 (Mo. banc 2009) ("Section 84.600 grants officers the right to appear before the board. As with any other statutory right, an officer can waive his or her right to appear before the board."); *State v. Emry*, 95 S.W.3d 98, 102-03 (Mo. banc 2003) (defendant waived his statutory right to a jury-recommended sentence).

---

[2] Based on our determinations relating to Points I and II, we need not—and do not—address the arguments raised by the Board in Point III.

The settlement agreement between Casnocha-Jones and the Board contained an attorney's-fee waiver; nonetheless, the trial court found Casnocha-Jones did not waive a claim for attorney's fees incurred by her in the "future." Relying on *Malan Realty Investors, Inc. v. Harris*, 953 S.W.2d 624 (Mo. banc 1997), the trial court found that, for a contractual waiver of rights to be effective, it must be "knowingly and voluntarily made," and "[i]n making this determination a Court is to examine the language to determine whether the waiver is 'clear, unambiguous, unmistakable, and conspicuous.'" The trial court determined that, "[h]ere there was no clear, unambiguous, unmistakable, and conspicuous waiver of the right to claim attorney fees in connection with an appeal," and the settlement agreement "did not put [Casnocha-Jones] on notice that such fees incurred in the future would be waived." We find the trial court erred in this determination.[3]

The settlement agreement contained a clear, unambiguous, unmistakable, and conspicuous waiver of Casnocha-Jones's right to claim attorney's fees incurred in an appeal of the Board's disciplinary decision. The settlement agreement provided that Casnocha-Jones did "hereby waive, release, acquit and *forever* discharge the Board . . . of, or from, any liability, claim, actions, causes of action, fees, costs and expenses and compensation, including, but not limited to, any claims for attorney's fees and expenses,

---

[3] The Supreme Court in *Malan Realty Investors* analyzed—and found valid—a contractual waiver of a constitutional "due process" right; specifically, the right to a trial by jury. 953 S.W.2d at 625-28. Casnocha-Jones asserts that the standard applied in *Malan Realty Investors* to determine whether a valid waiver existed should apply here, even though this matter involves a statutory right and not a constitutional due process right. For purposes of this appeal, we presume, without deciding, that the *Malan Realty Investors* standard—and not a less rigorous standard—applies to determine contractual waivers of a statutory right, because even applying the *Malan Realty Investors* standard, we find Casnocha-Jones waived her right to attorney's fees and expenses.

including any claims pursuant to § 536.087, RSMo. . . . which *may be based upon, arise out of, or relate to any of the matters raised in this case . . . .*" (emphasis added). The appropriate discipline to be imposed on Casnocha-Jones's license was a "matter[] raised in this case"; indeed, the agreement provided that Casnocha-Jones "freely enter[ed] into this Settlement Agreement in order to appear before the Board in a hearing to determine what, if any, discipline is appropriate under the facts as stipulated by the parties." Attorney's fees incurred in an appeal of the Board's disciplinary decision were thus attorney's fees "based upon, aris[ing] out of, or relat[ing] to" a "matter[] raised in this case."

Moreover, in the settlement agreement, Casnocha-Jones "acknowledge[d] that she underst[ood] the various rights and privileges afforded her by law, including . . . *the right to potentially recover attorney's fees incurred in defending this action* against her license." (emphasis added). This recital recognizes that, by entering into the agreement, Casnocha-Jones would be waiving her right to recover any attorney's fees she might potentially incur in the future defense of the action, not *just* the fees she had incurred to that date.

Finally, the waiver was conspicuous: it was almost directly above the signature line, in font the same size as the other provisions. *See Malan Realty Invs.*, 953 S.W.2d at 627 (waiver was conspicuous where "[t]he print size of the waiver provision was the same size as that found throughout the lease" and the "waiver paragraph was not buried in the lease" but was "prominently displayed" on the last page above the signature lines). We thus find the settlement agreement contained language that clearly, unambiguously, unmistakably, and conspicuously waived a claim for attorney's fees on appeal.

9

In analyzing the validity of the contractual waiver in *Malan Realty Investors*, the Missouri Supreme Court considered whether the waiver was knowing and voluntary; part of that analysis reviewed whether the waiver language was "clear, unambiguous, unmistakable, and conspicuous." 953 S.W.2d at 627. But the Court considered other factors as well, including the negotiability of the contract terms, and the disparity in bargaining power between the parties. *See id.* at 627-28. Relevant to the latter was whether the parties were represented by counsel. *See id.* at 628. Here, Casnocha-Jones was represented by counsel throughout the entirety of the settlement negotiations, and although counsel negotiated the terms of the settlement agreement, he did not propose changes to the attorney's-fee-waiver provisions. As a result, and given the clear and conspicuous waiver language described above, we find the waiver here was knowingly and voluntarily made. *See id.* at 627-28 (waiver was made knowingly and voluntarily where there was "no evidence that the defendant was under any bargaining disadvantage," as "defendant retained counsel to represent her interests" and neither she nor her attorney "requested any changes in the jury waiver paragraph").

Casnocha-Jones argues that "[e]ven if the Court were to determine that [she] knowingly or intentionally waived her right to attorney fees incurred in defending the Board's appeal of the underlying case, the Court should nonetheless refuse to enforce the waiver, because the waiver was not voluntary and was, instead, made under duress." "[F]or a claim of duress to succeed in Missouri, the person under duress must be 'prevented from exercising his free will by the threats or *wrongful conduct* of the other' party." *Stoner v. Dir. of Revenue*, 358 S.W.3d 514, 521 (Mo. App. W.D. 2011) (quoting *Andes v. Albano*,

10

853 S.W.2d 936, 942 (Mo. banc 1993)). "A claim of duress centers on oppression caused by wrongful conduct of another that deprives the party under duress of his free will." *Id.* Casnocha-Jones does not point to any threat or wrongful conduct of the Board that deprived her of her free will. And, as described above, the record demonstrates that she entered into the settlement agreement and waived her right to attorney's fees voluntarily after extended negotiations while represented by counsel. We find no merit to her claim of duress.

"If the contract terms are unequivocal, plain, and clear, the court is bound to enforce the contract as written." *Malan Realty Invs.*, 953 S.W.2d at 626-27. "Courts should not interfere with a party's right to contract so long as the contract is not otherwise void." *Id.* at 627. To that end, the parties' settlement agreement—including the attorney's-fee waiver—must be enforced, and, as a result Casnocha-Jones was not entitled to the attorney's fees and expenses she incurred on appeal.

Point II is granted.

*Casnocha-Jones's application for attorney's fees was untimely*

Even if Casnocha-Jones had not waived her right to seek attorney's fees and expenses, she still would not be entitled to such fees and expenses because her application was untimely under section 536.087.

As described above, section 536.087 authorizes the recovery of attorney's fees in agency proceedings:

> A party who prevails in an agency proceeding or civil action arising therefrom, brought by or against the state, shall be awarded those reasonable fees and expenses incurred by that party in the civil action or agency proceeding, unless the court or agency finds that the position of the state was substantially justified or that special circumstances make an award unjust.

§ 536.087.1. The statute also sets forth the requirements to obtain attorney's fees and expenses, including the deadline for filing an application, where the application must be filed, and the effect of an appeal:

> 3. A party seeking an award of fees and other expenses shall, within thirty days of a final disposition in an agency proceeding or final judgment in a civil action, submit to the court, agency or commission which rendered the final disposition or judgment an application which shows that the party is a prevailing party and is eligible to receive an award under this section . . . .
>
> 4. A prevailing party in an agency proceeding shall submit an application for fees and expenses to the administrative body before which the party prevailed. A prevailing party in a civil action on appeal from an agency proceeding shall submit an application for fees and expenses to the court. The filing of an application shall not stay the time for appealing the merits of a case. When the state appeals the underlying merits of an adversary proceeding, no decision on the application for fees and other expenses in connection with that adversary proceeding shall be made under this section until a final and unreviewable decision is rendered by the court on the appeal or until the underlying merits of the case have been finally determined pursuant to the appeal.

The Missouri Supreme Court has construed these subsections to require that "the prevailing party seek attorney's fees in the forum in which the party first prevailed and incurred those attorney's fees." *Mo. Real Estate Appraisers Comm'n v. Funk*, 492 S.W.3d 586, 594 (Mo. banc 2016) (emphasis omitted) ("Mr. Funk, having first prevailed and incurred fees before the appellate court, therefore, was required to file his application for attorney's fees with the court of appeals.").[4]

---

[4] *Funk* involved an individual who was denied certification as a real estate appraiser by the Missouri Real Estate Appraisers Commission. 492 S.W.3d at 589. He (Funk) appealed the Commission's decision to the AHC, where he represented himself. *Id.* at 590. Although he prevailed before the AHC, he did not apply for attorney's fees because he did not incur any: he was acting *pro se*. *Id.* at 591. The Commission then appealed by filing a petition for judicial review in the circuit court. *Id.* At that point, Funk retained counsel. *Id.* The circuit court reversed the decision of the AHC. *Id.* Funk did not file an application for attorney's fees because he was not

Here, Casnocha-Jones first prevailed in the trial court, when the court reversed the Board's disciplinary order revoking her license and ordered the Board issue her a probated license. *See* § 536.085(3) (defining "[p]revails" as obtaining "a favorable order, decision, judgment, or dismissal in a civil action or agency proceeding"); *Carpenter v. State Bd. of Nursing*, 508 S.W.3d 110, 112 (Mo. banc 2016) ("Carpenter 'prevailed' when she successfully petitioned the circuit court to reduce the probationary period on her license from three years to one and to eliminate almost all of the conditions and restrictions imposed by the Board.").

Because Casnocha-Jones first prevailed in the trial court, she had thirty days from the trial court's entry of judgment[5] to file her application for attorney's fees. *See* § 536.087.3, .4; *see also Mo. Comm'n on Hum. Rts. v. Red Dragon Rest., Inc.*, 991 S.W.2d

---

the prevailing party. *Id.* Funk appealed and prevailed in the court of appeals. *Id.* He did not, however, file an application for attorney's fees with the court of appeals, and instead filed an application with the AHC. *Id.* at 592.

The Missouri Supreme Court held that Funk "should have filed his application for attorney's fees with the court of appeals." *Id.* at 594-95. The Supreme Court acknowledged that Funk first prevailed in the AHC, and section 536.087.4 on its face "requires the party to apply for attorney's fees in the forum in which the party first prevailed," but found "the statute does not require a futile act." *Id.* at 594. Thus, the Supreme Court concluded Funk was not required to file his application for attorney's fees with the AHC, and instead was required to file his application where he first prevailed *and* incurred attorney's fees. *See id.* ("Had Mr. Funk incurred attorney's fees in that initial AHC proceeding in which he prevailed, section 536.087.3 and .4 would have required him to file his application for attorney's fees with the AHC."). Here, Casnocha-Jones claims to have incurred attorney's fees in the trial court, where—as discussed *infra*—she first prevailed.

[5] The thirty-day deadline in section 536.087.3 is triggered by a "final judgment in a civil action." In this context, a "final judgment" occurs "whenever the decision disposes of all issues as to all parties and leaves nothing for future determination." *Fowler Land Co., Inc.*, 673 S.W.3d at 466. Thus, in *Fowler Land Company*, the judgment that was entered on June 12, 2015 "triggered section 536.087.3's thirty-day deadline," because that "judgment finally disposed of the parties' dispute" and the landowners "became the prevailing parties on this date because" that was the date "they obtained a favorable judgment in a civil action." 673 S.W.3d at 467.

161, 172 (Mo. App. W.D. 1999) (section 536.087 "requires the party claiming fees and expenses to submit its application to the administrative body before which it first prevailed, within thirty days of the ruling"). The Board's appeal of the trial court's judgment did not alter this deadline. *See* § 536.087.4; *see also Funk*, 492 S.W.3d at 593 (When the state appeals the underlying merits of an agency decision, "the tribunal before which the fee application was properly brought will retain jurisdiction over that fee application, and the action will be held in abeyance until the adversary proceeding becomes final. . . . Once the proceeding becomes final through an unreviewable decision by a court on appeal, or once the underlying merits of the case are finally determined on appeal," then the application for attorney's fees can be determined, and any award "can include fees incurred in the trial and appellate courts.").

The trial court entered its judgment on January 29, 2023, and Casnocha-Jones had thirty days thereafter to file her application for attorney's fees with the trial court. She did not do so, and instead filed her application for attorney's fees on March 26, 2024. We find, therefore, her application was untimely.[6]

Casnocha-Jones argues her application was timely because she did not prevail until this Court issued its opinion affirming the trial court's judgment (which occurred on March

---

[6] The trial court found Casnocha-Jones's failure to timely file her application precluded an award of the fees she incurred in the proceedings before the Board and the trial court. But the trial court nonetheless awarded her attorney's fees incurred on appeal, essentially determining that each time a party prevails, the thirty-day deadline to seek fees is retriggered. Such a determination, however, is contrary to *Funk*'s holding that the prevailing party must seek attorney's fees in the forum in which the party *first* prevailed and incurred fees, and section 536.087.4's requirement that applications for attorney's fees be held in abeyance pending appeal.

14

12, 2024). She asserts the trial court's judgment "was not a final disposition of the proceedings as required by § 586.087.3," in that the trial court "remanded the case back to the Board for further action." Although "the general rule is that an order or judgment remanding a cause to an agency does not constitute a final disposition of the case," the judgment is a final disposition "where the court considers the merits of the agency's decision." *Kan. City Power & Light Co. v. Midwest Energy Consumers' Grp.*, 425 S.W.3d 142, 145 (Mo. App. W.D. 2014) (internal citation and marks omitted); *see also Kubiak v. Mo. Bd. of Nursing*, 667 S.W.3d 230, 235 (Mo. App. W.D. 2023) ("whether an agency's decision is final for purposes of appeal depends on the nature of the remand"). Where the trial court remands the case to the agency because the agency's decision was "not supported by substantial or competent evidence, there is a final judgment." *Kubiak*, 667 S.W.3d at 235; *see also Schrock v. Gan*, 494 S.W.3d 631, 636 (Mo. App. W.D. 2016) (if the trial court finds the agency's decision was not supported by competent and substantial evidence, and remands the decision to the agency, "the decision to remand has been made after a decision on the merits").

Here, the trial court found "that the Board's decision to revoke [Casnocha-Jones's] license instead of placing her on probation [was] unsupported by competent and substantial evidence," which—as described above—is a final disposition. Moreover, the trial court did not remand for the Board to consider additional evidence or conduct further proceedings. *Cf. Schrock*, 494 S.W.3d at 636 (a remand is not a final disposition of the case "when there is a remand to an agency requiring the consideration of additional evidence or further proceedings"). Rather, the trial court directed the Board on remand to issue Casnocha-

15

Jones a license under a three-year term of probation with specific conditions delineated in the judgment. Thus, contrary to Casnocha-Jones's argument on appeal, the trial court's judgment was a "final judgment" that triggered the thirty-day deadline for filing an application for attorney's fees under section 536.087.3.[7] And as a result, her application for attorney's fees was untimely.

Point I is granted.

## Conclusion

For these reasons, we reverse the judgment of the trial court awarding Casnocha-Jones attorney's fees and expenses.

_____
EDWARD R. ARDINI, JR., JUDGE

All concur.

---

[7] If the trial court's judgment was not "final" because it remanded the matter to the Board—as Casnocha-Jones contends—then it is unclear how this Court's opinion simply affirming the trial court's judgment was a "final" disposition that triggered the thirty-day deadline under section 536.087.3. We also note that, if the trial court's judgment was not a "final" judgment, we would not have had jurisdiction to entertain an appeal from that judgment. *See Schrock*, 595 S.W.3d at 636 (a cause remanded to an agency that does not constitute a final judgment "is not appealable"); *Backer v. Backer*, 705 S.W.3d 632, 641 (Mo. App. W.D. 2024) (absent a final judgment, "we are without appellate jurisdiction").