BIG VALLEY, INC., et al.,
Plaintiffs-Appellants,

v.

FIRST NATIONAL BANK, et al.,
Defendants-Respondents.

No. 11690.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 20, 1981.

Motion for Rehearing or to Transfer to Supreme Court Overruled Nov. 12, 1981.

Application to Transfer Denied
Dec. 14, 1981.

Margaret Bush Wilson, Wilson, Smith & McCullin, St. Louis, for plaintiffs-appellants.

William C. Morgan, Arthur B. Cohn, Waynesville, for defendants-respondents.

PER CURIAM.

This is an action to enjoin a foreclosure under a power of sale in a deed of trust and for an accounting and determination of the balance due defendant, First National Bank of Pulaski County, from plaintiffs on a promissory note in the sum of $63,500. A hearing was held, after which the trial court dissolved a restraining order it had issued to stop the proposed sale and dismissed plaintiffs' petition. Plaintiffs appealed.

This court set aside the trial court's judgment dissolving the restraining order, and remanded the cause to the trial court for an accounting to determine the balance due defendants. *Big Valley, Inc. v. First Nat. Bank*, Etc., 578 S.W.2d 616 (Mo.App.1979). The trial court then set the case for hearing, and issued a pre-trial order directing plaintiffs to prepare and file a schedule of payments or credits they contended should be allowed against their indebtedness, and directed defendants to prepare and file a schedule of payments that they had allowed on plaintiffs' indebtedness.

Plaintiffs filed exceptions to the pre-trial order, contending that the trial court should designate a certified public accountant to make the accounting in question. The trial court overruled the exceptions, and the schedules ordered by the trial court were filed.

A hearing was then held, and plaintiffs and defendants presented testimonial and documentary evidence. After the hearing, the trial court filed findings of fact, conclusions of law and a judgment. The judgment recited that defendant, First National Bank of Pulaski County, had made an accounting for all sums paid to it by, or on behalf of, plaintiffs; that, as of September 7, 1976, plaintiffs owed defendant bank $31,541.39 on the note in question, and that no payments had been made on such balance since that date, that defendant bank was entitled to 8% interest on said balance, and dissolved the order restraining the foreclosure sale. Plaintiffs appealed.

On appeal, plaintiffs rely on four points containing 17 sub-points of claimed trial court error. They run the gamut from summarily ruling against the plaintiffs on the issue of whether they had defaulted on the note to making a faulty conclusion of law that defendant bank had made a proper accounting for all sums paid to it by plaintiffs on the note in question. The points are written in complete disregard of Rule 84.04(d) [1] in that none of the points or sub-points state "wherein and why" the actions or rulings of the trial court were erroneous. Merely stating what errors are, without also stating why they are errors, neither complies with the rule or preserves anything for review. *State ex rel. State Highway Commission v. Heim*, 483 S.W.2d 410, 415 (Mo.App.1972).

Points in appellate briefs that violate the rules are to be disregarded. *McEntire v. Plaza Bank of Commerce*, 560 S.W.2d 52, 53 (Mo.App.1977). Nevertheless, we exercise our discretion, ex gratia, and review under Rule 84.13(c) to determine if manifest injustice or miscarriage of justice resulted from any action or ruling of the trial court. We conclude that it did not.

A thorough review of the record indicates that the judgment is supported by substantial evidence, is not against the weight of the evidence, and contains no erroneous declaration or application of law. This being so, no further review is necessary. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

The judgment is affirmed.

All concur except PREWITT, P. J., and MAUS, J., recused.

---

1. *Rules are to Missouri Rules of Court, V.A. M.R.*