Darren **PRATHER,** Plaintiff–
Respondent,

v.

**CITY OF CARL JUNCTION, MISSOURI,** Defendant–
Appellant.

. No. SD 30470.

Missouri Court of Appeals,
Southern District,
Division Two.

April 29, 2011.

---

Gregory P. Goheen, Kansas City, KS, for Appellant.

John Nicholas, Carthage, MO, for Respondent.

NANCY STEFFEN RAHMEYER, Presiding Judge.

The City of Carl Junction, Missouri ("the City"), appeals a judgment entered against it after a jury trial for inverse condemnation. The City brings four points on appeal. Darren Prather ("Respondent"), in whose favor the judgment was entered, moves to dismiss the appeal

for Rule 84.04[1] violations, primarily the failure to set forth a fair and concise statement of facts pursuant to Rule 84.04. In fact, the City's statement of facts does not comply with Rule 84.04(c).

■■■ Rule 84.04(c) provides "[t]he statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument." A brief does not substantially comply with Rule 84.04(c) when it highlights facts that favor the appellant and omits facts supporting the judgment. *Watson v. Moore*, 8 S.W.3d 909, 911 n. 4 (Mo.App. S.D.2000). Because the City's statement of facts omits facts necessarily relied upon in the trial court's ruling, this Court had to scour the record and rely on Respondent's brief to compile the facts favorable to the judgment. "Aside from violating Rule 84.04(c), failure to acknowledge adverse evidence is simply not good appellate advocacy. Indeed, it is often viewed as an admission that if the Court was familiar with all of the facts, the appellant would surely lose." *Evans v. Groves Iron Works*, 982 S.W.2d 760, 762 (Mo.App. E.D.1998). "The function of the appellant's brief is to explain to the Court why, despite the evidence seemingly favorable to the respondent, the law requires that appellant must prevail." *Id.*

Although the City failed to cite or acknowledge any facts favorable to the judgment, we dismiss Points I, II, and III for the substantive reasons set forth herein. The failure to set forth the facts in a fair and concise manner, in addition to a vague point relied on and an argument that does not assist in a resolution of the point, does hinder our review of Point IV. We are, therefore, constrained to dismiss the entire appeal. Respondent's motion is granted.

We glean from the facts set forth in Respondent's brief and our own independent review of the record that Respondent owned a home in the City. He experienced backups in his sewer and flooding in his basement and claimed the flooding in his basement was caused after the City paid for and installed a backflow device or check valve on a neighbor's property. Respondent also claimed the City knew that the aged system could not support the rainwater in its sewer system and did not notify him of a potential need for a backflow preventer. Respondent brought suit against the City in a negligence count and for inverse condemnation. The trial court granted summary judgment to the City on the negligence count but held a jury trial on the claim for inverse condemnation.

The City's four points on appeal are as follows:

**Point of Error No. 1:** The trial court erred in denying Defendant's motion for summary (and motion to reconsider such denial) on the inverse condemnation claim as no evidence was presented by Plaintiff, as required by Mo.R.Civ.P. 74.04(c)(2), to show that any affirmative act by Defendant caused the damage to Plaintiff's home.

**Point of Error No. 2:** The trial court erred in denying Defendant's motion for judgment as a matter of law as no evidence was presented to show that any affirmative act by Defendant caused the damage to Plaintiff's home.

**Point of Error No. 3:** The trial court erred by improperly instructing the jury on an inverse condemnation claim regarding a sewage back-up.

**Point of Error No. 4:** The trial court erred in denying Defendant's motion for judgment not-with-standing the verdict as no evidence was presented to show

1. All rule references are to Missouri Court Rules (2011), unless otherwise specified.

that any affirmative act by Defendant caused the damage to Plaintiff's home.

■ Although Points I, II, and IV all appear to take issue with a showing of an "affirmative act," the City's first point is unreviewable. With an exception not applicable here,[2] the denial of the City's motion for summary judgment is not reviewable on appeal. *Nodaway Valley Bank v. E.L. Crawford Constr., Inc.,* 126 S.W.3d 820, 824 (Mo.App. W.D.2004).

■ Likewise, Point II is unreviewable. Point II claims the trial court erred in denying its motion for judgment as a matter of law, i.e. motion for a directed verdict, because the City did not present a submissible case.[3] The City's point does not explain whether it is appealing the denial of its motion for a directed verdict at the close of Respondent's evidence or the motion made at the close of all of the evidence.[4] A defense motion for directed verdict is an argument that the plaintiff did not make a submissible case and the defense, therefore, is entitled to judgment as a matter of law. The proper way to appeal a judgment where an argument that a plaintiff did not make a submissible case is preserved is by challenging the trial court's denial of a motion for judg-

ment notwithstanding the verdict. *Johnson v. Allstate Indent. Co.,* 278 S.W.3d 228, 232 (Mo.App. E.D.2009);[5] *Barone v. United Indus. Corp.,* 146 S.W.3d 25, 28 (Mo. App. E.D.2004) ("In order for a motion for judgment notwithstanding the verdict to be preserved for appeal, a sufficient motion for directed verdict must be made at the close of all the evidence."). The City challenged the ruling on the motion for judgment notwithstanding the verdict in Point IV. We, therefore, will attempt to address what we understand to be the City's submissibility argument in the City's fourth point.

The City's third point is wholly deficient and, as such, preserves nothing for appeal. The City's third point reads, in full: "The trial court erred by improperly instructing the jury on an inverse condemnation claim regarding a sewage back-up."

■ Rule 84.04(d) governs points relied on in an appeal. The rule provides that each point relied on shall:

(A) identify the trial court ruling or action that the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

---

2. "If the merits of the denied motion, however, 'are inextricably intertwined with the issues in an appealable summary judgment in favor of another party, then that denial may be reviewable.'" *Nodaway Valley Bank v. E.L. Crawford Const., Inc.,* 126 S.W.3d 820, 824 (Mo.App. W.D.2004) (quoting *Herring v. Prudential Prop. & Cas. Ins. Co.,* 96 S.W.3d 893, 894 (Mo.App. W.D.2002)).

3. The City's argument portion under its second point equates the denial of its motion for judgment as a matter of law with the denial of its motion for directed verdict.

4. If the City is challenging the trial court's denial of its motion for a directed verdict at the close of Respondent's evidence, the City waived its motion by offering evidence. *Hol-*

*land v. American Republic Ins. Co.,* 779 S.W.2d 775, 776 (Mo.App. S.D.1989).

5. "To preserve the question of submissibility for appellate review in a jury-tried case, a motion for directed verdict must be filed at the close of all the evidence and, in the event of an adverse verdict, an after-trial motion for a new trial or to set aside a verdict must assign as error the trial court's failure to have directed such a verdict. Failure to move for a directed verdict at the close of all the evidence waives any contention that plaintiff failed to prove a submissible case." *Johnson v. Allstate Indent. Co.,* 278 S.W.3d 228, 232 (Mo.App. E.D.2009) (quoting *Pope v. Pope,* 179 S.W.3d 442, 451 (Mo.App. W.D. 2005) (en banc)).

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]."

Rule 84.04(d) (emphasis in original). A deficient point relied on that cannot be understood without resorting to the argument portion of the brief or record fails to preserve the argument for appellate review.[6] *In re Marriage of Fritz*, 243 S.W.3d 484, 487 (Mo.App. E.D.2007). "Merely stating what errors are, without also stating why they are errors, neither complies with the rule or preserves anything for review." *Big Valley, Inc. v. First Nat'l Bank*, 624 S.W.2d 193, 194 (Mo.App. S.D.1981). The City's point fails to state why the alleged instruction error is an error. Thus, the point preserves nothing for review. As noted, the statement of facts provides no guidance, nor does the argument.

Point IV would be the proper point to claim error in the failure to grant a judgment notwithstanding the verdict; however, the point is deficient in failing to explain why the legal reasons, in the context of the case, support the claim for reversible error and the argument section is but three sentences long.[7] The City argues that Respondent offered no expert testimony on the issue of causation and that two engineers testified that the backup was due to natural causes. The problem is the City's point does not claim a failure of expert testimony in its point relied on; it is unclear in the point relied on whether the City is claiming that Respondent failed to prove any affirmative acts on the part of the City or that the City committed affirmative acts but those acts did not cause the damage to Respondent's property. The City's statement of facts fails to acknowledge any of the testimony supporting a finding that the City committed any affirmative acts and fails to set forth the testimony of the City's engineer regarding the sewage backup. The failure to admit to those facts is further compounded by an argument section that fails to explain how the City is entitled to prevail despite those facts.

Respondent, for his part, claims the City committed an affirmative act by installing a backflow preventer on a neighbor's property. The neighbor's property was on lower ground, which caused the sewage to seek another release point when the system became overwhelmed, and consequently, caused sewage to backup on his property.[8] In the argument portion of its

---

**6.** We also note that the City failed to include a list of authority it relied on under each point relied on, in violation of Rule 84.04(d)(5).

**7.** The City's principal brief also contains a brief argument section immediately following the points relied on section without restating the point the argument is discussing. This does not comply with Rule 84.04(e), which reads, in part: "The argument shall substantially follow the order of 'Points Relied On.' The point relied on shall be restated at the beginning of the section of the argument discussing that point." Rule 84.04(e). In any

case, the non-compliant portion of the argument section does not meaningfully add to the City's argument, in that it does not articulate any facts that would controvert Respondent's claim that the City committed an affirmative act.

**8.** Respondent also argued, and presented evidence, that the City committed affirmative acts by failing to maintain the sewer system, and that the sewer system became overloaded due to infiltration and inflow. Inflow and infiltration is rain water that, by design, is not supposed to enter a sewer system, but does

briefs, the City does not articulate any facts that would controvert Respondent's claim that the City did commit an affirmative act by installing a backflow preventer on a lower-lying neighbor's property. The City argues that Respondent failed to make a submissible case because Respondent offered no expert testimony on the issue of causation and the only expert testimony was that the sewer system was properly designed and that the backup was due to abnormally heavy rainfall. The City simply ignores the contrary evidence.[9] Point IV, challenging the trial court's rulings that Respondent made a submissible case, is also unreviewable.

The appeal is dismissed.

BATES and FRANCIS, JJ., Concur.

and can cause sewage to back up if the water overloads the system.

9. Furthermore, the only case law cited by the City in the argument section of Point IV of the City's principle brief concerns our standard of review, which is whether the plaintiff made a submissible case. *Clevenger v. Oliver Ins. Agency, Inc.,* 237 S.W.3d 588, 590 (Mo. banc 2007) ("A case may not be submitted unless each and every fact essential to liability is predicated upon legal and substantial evidence.").