Petti JONES, Plaintiff–Appellant,

v.

Calvin Gene BUCK, Defendant–Respondent.

No. SD 32004.

Missouri Court of Appeals, Southern District, Division Two.

June 25, 2013.

Mary Louise D. Griffith, Sikeston, MO, for Appellant.

Calvin Gene Buck, pro se.

## MARY W. SHEFFIELD, J.

This is a case involving the distribution of profits after the dissolution of Buck's Homecare Services, L.L.C. ("Homecare Services"). Petti Jones ("Jones") sued Calvin Buck ("Buck") for dissolution of Homecare Services and distribution of the assets. The trial court awarded Jones $21,000 and denied all other claims. Jones appeals, but we are unable to determine the precise nature of her complaints because of the deficiencies in her brief. Accordingly, we dismiss the appeal.

### *Factual and Procedural History*

The parties know the factual and procedural history of this case, and it serves no purpose to restate these matters.

### *Discussion*

█ Jones' brief does not comply with the rules of appellate procedure in numerous ways. Jones' brief: (1) does not contain a jurisdictional statement; (2) contains argument in the statement of facts; (3) does not contain points relied on; and (4) does not contain a conclusion stating the precise relief sought. Furthermore, even if the headings in Jones' "Argument" section are taken to be her points relied on, they are insufficient because they do not explain why the legal reasons support the claim of reversible error, and they are not followed by a list of the authorities upon which Jones primarily relies. Together, these briefing deficiencies impede review on the merits, and dismissal is warranted.

█ "Rule 84.04[1] provides the requirements for appellate briefs, and an appellant's failure to comply with the rules and requirements of appellate procedure constitutes grounds for our dismissal of the appeal." *Livingston v. Schnuck Mar-*

*kets, Inc.,* 184 S.W.3d 617, 618 (Mo.App. E.D.2006). "Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." *Duncan–Anderson v. Duncan,* 321 S.W.3d 498, 500 (Mo.App. E.D.2010) (quoting *Nelson v. Nelson,* 195 S.W.3d 502, 514 (Mo.App. W.D.2006)).

The requirements for an appellant's brief are summarized in subsection (a) of Rule 84.04 which states:

The brief for appellant shall contain:

(1) A detailed table of contents . . . ;

(2) A concise statement of the grounds on which jurisdiction of the review court is invoked;

(3) A statement of facts;

(4) The points relied on;

(5) An argument, which shall substantially follow the order of the points relied on; and

(6) A short conclusion stating the precise relief sought.

Rule 84.04(a).

Aside from the table of contents, each of these items is either missing or deficient in Jones' brief.

█ First, Jones' brief contains no jurisdictional statement. "The jurisdictional statement shall set forth sufficient factual data to demonstrate the applicability of the particular provision or provisions of Article V, section 3, of the Constitution whereon jurisdiction is sought to be predicated." Rule 84.04(b). A deficient or missing jurisdictional statement is grounds for dismissing an appeal. *See Brown v. Ameristar Casino Kansas City, Inc.,* 211 S.W.3d 145, 147 (Mo.App. W.D.2007).

---

1. All rule references are to Missouri Court Rules (2013).

The second problem with Jones' brief is the argumentative tone of her statement of facts. "The statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). A statement of facts that contains argument violates this rule. *See Livingston,* 184 S.W.3d at 618. In the first paragraph of her statement of facts, Jones states the trial court's finding of the amount owed is incorrect. Later, she asserts Buck's position at trial was unsupported by testimony or documentary evidence. These assertions are argumentative and demonstrate the brief's failure to comply with Rule 84.04(c).

Third, Jones' brief does not contain points relied on. The purpose of the points relied on "is to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues before it." *Landwehr v. Landwehr,* 129 S.W.3d 395, 397 (Mo.App. W.D.2004). Furthermore, appellate courts "need not consider arguments not raised in the point relied on." *Eltiste v. Ford Motor Co.,* 167 S.W.3d 742, 750 (Mo.App. E.D.2005). Jones' brief does not contain points relied on. Thus, we are left without guidance as to what errors she claims warrant reversal.

It is true that Jones provides three headings in her "Argument" section. Even assuming these headings are intended to be the points relied on, they are nevertheless deficient in at least two ways: (1) they do not explain why, in the context of the case, the legal reasons support Jones' claims for reversal and (2) they do not list supporting legal authority.

The requirements for points relied on are laid out in Rule 84.04(d). *See City of Perryville v. Brewer,* 376 S.W.3d 691, 693 (Mo.App. E.D.2012). "The requirement that the point relied on clearly state the contention on appeal is not simply a judicial word game or a matter of hypertechnicality on the part of appellate courts." *In re Marriage of Weinshenker,* 177 S.W.3d 859, 863 (Mo.App. E.D.2005) (quoting *Thummel v. King,* 570 S.W.2d 679, 686 (Mo. banc 1978)). As pertinent to the present case, Rule 84.04(d) provides as follows:

> Where the appellate court reviews the decision of a trial court, each point shall:
>
> (A) identify the trial court ruling or action that the appellant challenges;
>
> (B) state concisely the legal reasons for the appellant's claim of reversible error; and
>
> (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.
>
> The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]."

Rule 84.04(d)(1). That is, "the points relied on must include the following three elements: 1) the appellant must concisely state the ruling of the trial court being challenged; 2) the appellant must set forth the rule of law the trial court should have applied; and 3) the point must state what testimony or evidence supports the rule of law appellant suggests should have been applied." *FIA Card Services, NA. v. Hayes,* 339 S.W.3d 515, 518 (Mo.App. E.D. 2011) (internal quotation marks omitted). Thus, "[m]erely stating what errors are, without also stating why they are errors, neither complies with the rule [n]or preserves anything for review." *Prather v. City of Carl Junction,* 345 S.W.3d 261, 265

(Mo.App. S.D.2011) (quoting *Big Valley, Inc. v. First Nat'l Bank*, 624 S.W.2d 193, 194 (Mo.App. S.D.1981)). A point that does not explain why the legal reasons support the claim of reversible error merits dismissal. *See id., Weinshenker*, 177 S.W.3d at 863.

Jones provides the following three headings for her "Argument" section:

THE TRIAL COURT'S FINDING OF THE RELEVANT TIME PERIOD IS IN ERR [sic] PER STATE STATUTE AND THE LLC'S OPERATING AGREEMENT.

TRIAL COURT'S JUDMENT [sic] INCORRECTLY CREDITED RESPONDENT FOR ALLEGED CAPITAL CONTRIBUTIONS, AS THE LLC'S OPERATING AGREEMENT AND THE INTENT WAS TO CONTINUE UNDER A STATE CONTRACT BY THE MEMBERS' FORMATION OF THE LLC.

THE TRIAL COURT FAILED TO RULE UPON THE RESPONDENT'S VIOLATION OF THE LLC'S OPERATING AGREEMENT IN CEASING THE BUSINESS.

■ The first heading identifies an error—the trial court's finding of the relevant time period—but only partially identifies the legal reason for the error. This is because the heading states the finding contravenes the statute and the operating agreement but fails to specify which portion of the statute or operating agreement was violated. Finally, the heading fails to explain why the finding contravenes the statute and the operating agreement.

■ The second heading identifies an error—the trial court's decision to credit Buck for his capital contributions—but the legal reason is a non sequitur. The legal reason provided is that the parties' intent was to continue the business. But the parties' intent to continue the business is irrelevant to the determination of the just distribution of assets once the business can no longer be continued.

■ The final heading identifies an action, but does not provide legal reasons for the error, let alone explain why that action constituted error. Jones' headings do not comply with the rules of appellate procedure and warrant dismissal. *See Weinshenker*, 177 S.W.3d at 863.

The scales in favor of dismissal are further weighted by Jones' failure to comply with Rule 84.04(d)(5). After providing a roadmap for constructing an acceptable point relied on, Rule 84.04 provides additional requirements, including that the appellant "shall include a list of cases, not to exceed four, and the constitutional, statutory, and regulatory provisions or other authority upon which that party principally relies." Rule 84.04(d)(5). This requirement is especially important where the points themselves are deficient because the authorities can provide clues to the claims being asserted. Here, Jones' headings do not list the authority upon which she primarily relies so we are not given additional aid in determining the nature of her claims.

■ The "Argument" section of the brief is also inadequate. This section should contain, among other things, a statement of the applicable standard of review. Rule 84.04(e). A single standard of review at the beginning of the brief is not sufficient if the standard stated in that section does not apply to each of the claims raised in the brief. *In re Marriage of Smith*, 283 S.W.3d 271, 275 (Mo.App. E.D. 2009). Additionally, "[a]n argument should show how [the] principles of law and the facts of the case interact." *Weinshenker*, 177 S.W.3d at 863 (quoting *Snyder v. Snyder*, 142 S.W.3d 780, 783

(Mo.App. E.D.2004)). An argument that merely cites facts supporting a decision other than the one the trial court made does not comply with the rule. *Smith*, 283 S.W.3d at 275–76.

In the present case, the standard of review is not stated anywhere in Jones' argument. Rather, she provides a single standard of review section at the beginning of her brief. However, that section contains multiple standards of review with no statement showing to which claims those standards should be applied. The section also includes substantive rules regarding contract interpretation and miscellaneous facts. Furthermore, Jones' arguments themselves rely entirely on evidence favorable to her position at trial and do not explain why those facts show the trial court erred. Jones' argument section is inadequate and does not comply with the rules of appellate procedure.

Finally, Jones' conclusion is inadequate. Rule 84.04(a)(6) provides the conclusion should be short and should state "the precise relief sought." A conclusion which continues the argument but does not explain the relief sought does not comply with the rule. *See State v. Eggers*, 51 S.W.3d 927, 930 (Mo.App. S.D.2001). Here, Jones' conclusion restates the facts regarding the formation of the company and her assertion regarding Buck's violations of the operating agreement. She then states Buck's "breaches and self serving acts must and should be addressed by this court." This is not a short statement of the precise relief sought. The relief offered by an appellate court may include an order for new trial, reversal of the judgment, or an entry of the judgment the trial court should have given. Rule 84.14. Jones does not suggest in her conclusion which, if any, of these courses of action is appropriate. As such, her conclusion does not comply with Rule 84.04(a)(6).

"An appellate court's role is to review specifically challenged trial court rulings, not to sift through the record to detect possibly valid arguments." *Smith v. City of St. Louis*, 395 S.W.3d 20, 29 (Mo. banc 2013). Where the deficiencies of a point would require the appellate court to sift through the record to determine the claims being raised, dismissal is justified. *See id.* The combined multiple deficiencies of Jones' brief would require us to sift the record for possibly valid arguments, thus impeding review and meriting dismissal.

### Decision

The appeal is dismissed.

JEFFREY W. BATES, J., and DANIEL E. SCOTT, P.J., concur.