

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | |
|---|---|
| XINSHENG (RANDY) GAN, ) | |
| ) | |
| Appellant, ) | |
| v. ) | |
| ) | **WD84637** |
| ) | |
| PENNY SCHROCK, APPOINTING ) | **OPINION FILED:** |
| AUTHORITY, DEPARTMENT OF ) | September 6, 2022 |
| SOCIAL SERVICES, DIVISION OF ) | |
| FINANCE AND ADMINISTRATIVE ) | |
| SERVICES, ) | |
| ) | |
| Respondent. ) | |

**Appeal from the Circuit Court of Cole County, Missouri**
**The Honorable Cotton Walker, Judge**

**Before Division One:** Janet Sutton, Presiding Judge, and
Alok Ahuja and Karen King Mitchell, Judges

Xinsheng (Randy) Gan appeals from the Administrative Hearing Commission's denial of

his application for attorney's fees following his claim for improper dismissal from employment.

On appeal, Gan raises four points challenging the Commission's decision. But, due to his multiple

violations of Rule 84.04,[1] we dismiss this appeal.

---

[1] All rule references are to the Missouri Supreme Court Rules (2021).

**Background**

This case has come repeatedly before this court. It began after Gan was dismissed from his position with the Missouri Department of Social Services, Division of Finance and Administrative Services, in February of 2013. *Schrock v. Gan*, 494 S.W.3d 631, 633 (Mo. App. W.D. 2016) (*Gan I*).

> Gan, a merit system employee, appealed his dismissal to the [Administrative Hearing Commission (AHC)], and the AHC initially determined that Gan's dismissal was not for the good of the service and ordered that he be reinstated. *Id.* The Department sought review in the circuit court, and the circuit court reversed the AHC's decision, finding that the AHC failed to use a proper analysis, and the court remanded the matter back to the AHC to reconsider under the proper analysis. *Id.* Gan appealed the circuit court's decision to this court, and we dismissed the appeal for lack of a final judgment and remanded the matter to the AHC for final determination. *Id.* at 637.

> In March 2017, the AHC adopted its previous findings of fact, found additional facts, and concluded that Gan's dismissal was not for the good of the service and reinstated him to his position as Research Analyst III. *Schrock v. Gan*, 563 S.W.3d 127, 129 (Mo. App. W.D. 2018) (*Gan II*). The Department again sought review in the circuit court, and the circuit court again reversed the AHC's decision, finding that the AHC exceeded its authority and misapplied the law and that its determination was not supported by competent and substantial evidence upon the whole record. *Id.* Gan again appealed to this court, and we held that there was no error in the AHC's determination that the Department failed to show that Gan's dismissal was for the good of the service. *Id.* at 136-37. Therefore, we reversed the decision of the circuit court, affirmed the decision of the AHC reinstating Gan to his former position, and remanded the matter to the AHC for determination of attorney's fees and costs. *Id.* at 137.

> On February 14, 2019, the AHC reopened the matter to determine Gan's date of reinstatement and the amount of back pay to which he was entitled. The AHC held a hearing on July 24, 2019, wherein it received documentary evidence and testimony from Penny Schrock, the former Appointing Authority for the Department; Dawn Plybon, the current Appointing Authority for the Department; James Brinkmann, a vocational rehabilitation specialist; and Gan. The parties agreed that Gan's dismissal date was February 1, 2013, and that he was reemployed as a Research Analyst III with the Department on January 14, 2019. They also agreed that the total wages Gan would have received for the nearly six years he was unemployed was $239,399.19. The Department argued, however, that Gan was not entitled to the full amount as a result of his failure to mitigate his damages by working during the period between dismissal and reemployment. Gan argued that

he was entitled to not only the full amount of lost wages but also additional compensation for (1) the difference in medical insurance premiums paid and those he would have paid under the State's medical plan (MCHCP), (2) the loss in value of social security benefits, (3) the value of all lost annual leave, and (4) the value of his lost time in the Missouri State Employees Retirement System (MOSERS).

*Gan v. Schrock*, 640 S.W.3d 451, 454-55 (Mo. App. W.D. 2022) (*Gan III*).

In *Gan III*, this court affirmed the AHC's decision, holding that "The AHC did not err in entering its order determining Gan's reinstatement date of February 1, 2013, nor in its determination of Gan's back-pay award." *Id*. at 462.

As part of his original claim, Gan filed an application for attorney's fees on June 18, 2014. Since then, he has periodically filed updated affidavits from counsel and receipts, identifying additional fees and expenses incurred. The AHC denied Gan's application on February 25, 2020, "due to lack of evidence"; specifically, the AHC indicated that Gan "did not establish that he met the definition of a 'party' under § 536.085(2)(a)" insofar as the record contained insufficient information "to determine Gan's net worth at any relevant time."[2] Gan sought judicial review of the AHC's decision, and the circuit court upheld the decision. Gan appeals.

## Analysis

Gan raises four points on appeal in a brief that suffers from multiple violations of Rule 84.04. To begin, Gan's brief fails to include a statement of facts in violation of

---

[2] Under § 536.087.1, "[a] party who prevails in an agency proceeding or civil action arising therefrom, brought by or against the state, shall be awarded those reasonable fees and expenses incurred by that party in the civil action or agency proceeding," subject to certain exceptions. To obtain these fees and expenses, the party "shall . . . submit . . . an application which shows that the party is a prevailing party and is eligible to receive an award under this section," as well as other allegations. § 536.087.3. And § 536.085(2)(a) defines "party" as "[a]n individual whose net worth did not exceed two million dollars at the time the civil action or agency proceeding was initiated." Thus, it was Gan's burden to allege and prove that his net worth did not exceed two million dollars at the time his proceeding was initiated. *See Melahn v. Otto*, 836 S.W.2d 525, 528 (Mo. App. W.D. 1992) ("An applicant for expenses and fees must allege and prove that his financial net worth did not, at the time the action was initiated, exceed the dollar figure . . . set forth in § 536.085(2)(a) . . . ."). All statutory citations are to the Revised Statutes of Missouri (Cum. Supp. 2021).

Rule 84.04(a)(3).[3]  Instead, Gan's brief includes a "Statement of Procedural History," which consists of 37 mostly single-sentence, numbered paragraphs,[4] containing only procedural history and omitting facts necessary to determine his four points on appeal.[5]  "A statement of facts that consists of nothing more than an abbreviated procedural history fails to provide an understanding of the case and is deficient." *Parnes v. Centertainment, Inc.*, 14 S.W.3d 145, 147 (Mo. App. W.D. 2000) (quoting *Angle v. Grant*, 997 S.W.2d 133, 134 (Mo. App. S.D. 1999)).  Thus, even if we considered Gan's "Statement of Procedural History" a substitute for the statement of facts (which we do not), it would violate Rule 84.04(c) insofar as it is *not* "a fair and concise statement of the facts relevant to the questions presented for determination."

Additionally, many of the paragraphs cite entire case files, *e.g.*, "See Case No. 19-0115," or "See Case No. 20AC-CC00008."  These citations violate Rule 84.04(c)'s requirement that "[a]ll statements of facts shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits." *See Kent v. Charlie Chicken, II, Inc.*, 972 S.W.2d 513, 516 (Mo. App. E.D. 1998) (holding that a citation directing, "See the entire record," violated Rule 84.04(c)).  "A violation of Rule 84.04(c), standing alone, constitutes grounds for dismissal of an appeal." *Washington v. Blackburn*, 286 S.W.3d 818, 820 (Mo. App. E.D. 2009).

But the violation of Rule 84.04(c) is just the beginning.  Gan's brief also violates Rule 84.04(d) insofar as none of his points relied on comply with the requirements of the rule.

---

[3] "The brief for appellant shall contain . . . [a] statement of facts."  Rule 84.04(a)(3).

[4] Numbered paragraphs are "not a proper format for the statement of facts." *Snyder v. Snyder*, 142 S.W.3d 780, 782 (Mo. App. E.D. 2004).

[5] By way of example, each of Gan's points is directed at the AHC's denial of his application for attorney's fees.  But the only reference to that ruling is Paragraph 30, which states in total, "On February 25, 2020, the AHC denied Gan's July 17, 2019 Application for Attorney's Fees due to lack of evidence."  "Failure to include, in the statement of facts, the facts upon which an appellant's claim of error is based fails to preserve the contention for appellate review." *Carlisle v. Rainbow Connection, Inc.*, 300 S.W.3d 583, 585 (Mo. App. E.D. 2009).

4

"Where the appellate court reviews the decision of an administrative agency," each "point shall be in substantially the following form":

> The [*name of agency*] erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error, including the reference to the applicable statute authorizing review*], in that [*explain why, in the context of the case, the legal reasons support the claim of reversible error*].

Rule 84.04(d)(2). Although each of Gan's points contains a distinct legal conclusion related to the claim of error, none of the points "[e]xplain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error," as required by Rule 84.04(d)(2)(C). For example, Point I alleges that "Gan was denied a meaningful contested case hearing on his application for attorney's fees," but it provides no context explaining how the hearing he, in fact, received was not "a meaningful contested case." Similarly, Point IV states, "it will now require multiple hearings on attorney's fees instead of a single attorney's fees hearing as contemplated by 536.087 and *Schrock v. Gan*," without any context or explanation for why multiple hearings will be required. And it fails to connect the alleged need for multiple hearings with the claimed error—denial of his application for attorney's fees.

Unlike Points I and IV, Point II provides *no* facts from the underlying case and instead merely asserts a rule of law: "Section 537.087.3 RSMo mandates that the AHC issue a ruling on whether the State's dismissal of Gan was substantially justified." "Abstract statements of law, standing alone, do not comply with th[e] rule." Rule 84.04(d)(4). Instead, "[a] point relied on should provide insight into the facts of the case and the legal reasons why the Commission erred." *Pearson v. Keystone Temp. Assignment Grp., Inc.*, 588 S.W.3d 546, 551 (Mo. App. E.D. 2019).

Point III, though identifying facts, fails to connect those facts to the claimed error. Point III states, "the AHC determined that Gan's showing that net worth did not exceed $2 million at the time of his dismissal was insufficient as a matter of law," but it does not challenge this

5

determination as unfounded or erroneous. "Merely stating what errors are, without also stating why they are errors, neither complies with the rule nor preserves anything for review." *Id*. (quoting *Jones v. Buck*, 400 S.W.3d 911, 915 (Mo. App. S.D. 2013)). And, contrary to the purpose of the point relied on, this conclusion seems *supportive* of the AHC's decision to deny Gan's application for attorney's fees insofar as a determination that the evidence was insufficient to establish that Gan's net worth did not exceed $2 million would warrant a denial of attorney's fees. *See* note 1, *supra*.

"The requirement that the point relied on clearly state the contention on appeal is not simply a judicial word game or a matter of hypertechnicality on the part of the appellate courts." *Brown v. Brown*, 645 S.W.3d 75, 83 (Mo. App. W.D. 2022) (quoting *Jones*, 400 S.W.3d at 915). "When confronted with a deficient point relied on, it is not proper for this [c]ourt to speculate as to the point being raised and supporting legal justification because to do so would place the court in the role of an advocate for the appellant." *Michaud Mitigation, Inc. v. Beckett*, 635 S.W.3d 867, 870 (Mo. App. E.D. 2021) (quoting *Unifund CCR Partners v. Myers*, 563 S.W.3d 740, 742 (Mo. App. E.D. 2018)). "Indeed, '[a]n insufficient point relied on that cannot be understood without resorting to the record or argument portion of the brief preserves nothing for appellate review.'" *Id*. (quoting *Unifund*, 563 S.W.3d at 742).[6]

---

[6] Additionally, as we pointed out in *Gan III*, points that allege "that the AHC's decision 'was arbitrary, capricious or unreasonable, against the weight of the evidence, involved an abuse of discretion, or was unauthorized by law,'" are multifarious and violate Rule 84.04(d) insofar as they contain distinct claims that "must appear in separate points relied on in the appellant's brief to be preserved for appellate review." *Gan III*, 640 S.W.3d at 456 n.2 (quoting *Ivie v. Smith*, 439 S.W.3d 189, 199 n.11 (Mo. banc 2014)). "Lumping them all together in a single point relied on violates Rule 84.04(d)." *Id*. Gan has committed the same or similar errors in each of the points in this appeal. Where a party has been warned of deficiencies in the construction of points relied on, has previously been granted *ex gratia* review despite the procedural deficiencies, and persists in repeating the same errors, we should not "act as an advocate for [the appellant] to overcome these problems." *Lexow v. Boeing Co*., 643 S.W.3d 501, 509 (Mo. banc 2022).

While this Court frequently reviews claims *ex gratia* where the argument portion of a brief clarifies the issues an appellant intends to raise in a defective point relied on,[7] in this case the argument portion of Gan's brief does not remedy the defects in his points, and itself contains multiple violations of Rule 84.04. To begin, "[f]or each claim of error, the argument shall . . . include a concise statement describing whether the error was preserved for appellate review[, and] if so, how it was preserved." Rule 84.04(e). None of the arguments following Gan's points even mention preservation much less *how* any of the claims might be preserved, if indeed they are. Identifying if and how claims are preserved is necessary because "[w]e will not convict a trial court of error on an issue that it had no chance to decide." *Yee v. Choi*, 641 S.W.3d 272, 282 n.6 (Mo. App. W.D. 2021) (quoting *Holmes v. Kansas City Pub. Sch. Dist.*, 571 S.W.3d 602, 613 (Mo. App. W.D. 2018)).

Additionally, "if the point advanced is not a matter of first impression and is not simply a matter of logic or policy or analysis of statutory or documentary language, . . . the court on appeal need not search for precedential support to overrule the contention." *Thummel v. King*, 570 S.W.2d 679, 687 (Mo. banc 1978). "If the point is one for which precedent is appropriate and available, it is the obligation of appellant to cite it if he expects to prevail." *Id*. Here, though Gan cites authority, it is not authority supportive of his alleged errors.

For example, in Point I, he makes an argument that sounds much like an estoppel theory insofar as he suggests that he was incorrectly led to believe that the question of whether he was a prevailing party had already been judicially determined and he relied on that belief, yet he cites no authority whatsoever related to estoppel or anything else that would support such a claim. Instead,

---

[7] *See*, *e.g.*, *Ebert v. Ebert*, 627 S.W.3d 571, 589-90 (Mo. App. E.D. 2021); *Taormina v. Taormina*, 639 S.W.3d 482, 488 n.5 (Mo. App. W.D. 2021); *White v. White*, 616 S.W.3d 373, 379 n.5 (Mo. App. E.D. 2020); *Jacoby v. Hamptons Cmty. Ass'n, Inc.*, 602 S.W.3d 869, 872 (Mo. App. E.D. 2020); *Revis v. Bassman*, 604 S.W.3d 644, 651 (Mo. App. E.D. 2020); *Librach v. Librach*, 575 S.W.3d 300, 307-08 (Mo. App. E.D. 2019).

he merely cites cases addressing, generally, the notice requirements for due process but fails to connect those legal theories with his claimed error. And, in Point II, his argument is directed at a failure of the AHC to make what he claims is a required finding, but the only authority he provides is a rule about interpreting plain language of a statute and the power of the AHC as a creature of statute. He provides no authority interpreting the statute he relies upon, nor does he indicate that his claim is one of first impression to excuse the absence of authority.[8] Similarly, in Point III, his claim appears to be based in evidentiary error insofar as he challenges the AHC's decision refusing to consider evidence Gan submitted post-hearing, yet there is no authority included in the argument addressing what obligations—if any—the AHC had to consider this evidence.

> When counsel fail in their duty by filing briefs which are not in conformity with the applicable rules and do not sufficiently advise the court of the contentions asserted and the merit thereof, the court is left with the dilemma of deciding that case (and possibly establishing precedent for future cases) on the basis of inadequate briefing and advocacy or undertaking additional research and briefing to supply the deficiency. Courts should not be asked or expected to assume such a role. In addition to being inherently unfair to the other party to the appeal, it is unfair to parties in other cases awaiting disposition because it takes from them appellate time and resources which should be devoted to expeditious resolution of their appeals.

*Thummel*, 570 S.W.2d at 686. The Missouri Supreme Court has recently cautioned that "[t]he appellate courts' continued reiteration of the importance of the briefing rules without enforcing any consequence 'implicitly condones continued violations and undermines the mandatory nature of the rules.'" *State v. Minor*, SC 99469, 2022 WL 2134505, at *3 (Mo. banc June 14, 2022) (quoting *Alpert v. State*, 543 S.W.3d 589, 601 (Mo. banc 2018) (Fischer, J., dissenting)). And, though we retain discretion to review an appeal despite briefing deficiencies, we will not exercise our discretion in favor of review where the deficiencies impede disposition on the merits. "A brief

---

[8] In any event, it appears that the allegedly required, but omitted, finding on substantial justification for the dismissal would be superfluous in light of the AHC's determination that Gan failed to plead and prove the necessary prerequisite that he is a prevailing party as defined by § 536.085(2).

8

impedes disposition on the merits where it is so deficient that it fails to give notice to this [c]ourt and to the other parties as to the issue[s] presented on appeal." *Wilkerson v. Prelutsky*, 943 S.W.2d 643, 647 (Mo. banc 1997). Here, the numerous violations of Rule 84.04 render Gan's brief so deficient as to impede our review on the merits. Therefore, we dismiss this appeal.

## Conclusion

As a result of numerous briefing deficiencies in violation of Rule 84.04, Gan's appeal is dismissed.

_____
Karen King Mitchell, Judge

Janet Sutton, Presiding Judge, and Alok Ahuja, Judge, concur.