

# Missouri Court of Appeals
## Southern District

### In Division

DORMAN E. STURGELL,  )
Trustee of the Sturgell Family Trust  )
dated November 10, 1994,  )
  )
    Plaintiff-Appellant,  )
  )
v.  )    No. SD38170
  )
GARY YOUNGBLOOD, in his capacity  )    **Filed: September 3, 2024**
as Presiding Commissioner of Barry  )
County, WAYNE HENDRIX, in his  )
capacity as Associate Commissioner of  )
Barry County, GARY SCHAD, in his  )
capacity as Associate Commissioner of  )
Barry County,  )
  )
    Defendants-Respondents,  )
  )
and  )
  )
MOUNTAIN SPECIAL ROAD  )
DISTRICT, a special road district of  )
Barry County, Missouri,  )
  )
    Defendant-Respondent.  )

### APPEAL FROM THE CIRCUIT COURT OF BARRY COUNTY

Honorable Kevin L. Selby

**<u>APPEAL DISMISSED</u>**

The dispute underlying this appeal is whether a dead-end road (named Hatcher Mountain Road (the "Road")) in Barry County that crosses a tract of land ("the Land") owned by the appellant, Dorman Sturgell, as Trustee of the Sturgell Family Trust ("Plaintiff"), is a private road or a public road. In three points relied on, Plaintiff challenges the judgment entered in favor of the respondents ("Defendants") on all four counts asserted in Plaintiff's Second Amended Petition ("the petition"). Because Plaintiff's failure to follow the mandatory requirements set forth in Rule 84.04 materially impedes impartial review, we must dismiss the appeal.

## Background

The case proceeded to a bench trial, and when Plaintiff completed the presentation of his evidence, the Defendants each made a "motion for [a] directed verdict[.]"[1] A motion for judgment under Rule 73.01(b) submits the issues to the circuit court for a final decision on the merits.[2] *Keefhaver*, 58 S.W.3d at 58. Accordingly, we view the evidence, and all reasonable inferences that may be drawn therefrom, "in the light most favorable to the judgment."[3] *Short v. S. Union Co.*, 372 S.W.3d 520, 530 (Mo. App. W.D. 2012) (quoting

---

[1] The proper terminology for such a motion in a court-tried case is a "motion for [a] judgment on the grounds that upon the facts and the law the plaintiff is not entitled to relief." *Keefhaver v. Kimbrell*, 58 S.W.3d 54, 58 (Mo. App. W.D. 2001) (quoting Rule 73.01(b)).

> In a trial without a jury, the judge is not only the trier of [the] facts but also the determinant of whether the plaintiff has shown a right to relief. It is for this reason that the motion for directed verdict, so apt in a jury case to differentiate the judge function as to whether the evidence is submissible from the jury function to find the facts and return a verdict under the instructions of the court, has no role or function in a trial to the court without a jury.

*Id.* at 57-58 (quoting *City of Hamilton v. Pub. Water Supply Dist. No. 2*, 849 S.W.2d 96, 100 (Mo. App. W.D. 1993)) (citations omitted).

[2] Unless otherwise indicated, all rule references are to Missouri Court Rules (2024).

[3] Plaintiff correctly notes in his brief that the judgment "does not declare the Road public, it simply states that 'Plaintiff is not entitled to the relief requested.'"

*Burg v. Dampier*, 346 S.W.3d 343, 352 (Mo. App. W.D. 2011)).  Viewed through that lens, the pertinent evidence adduced at trial was as follows.

The Road was in existence before Plaintiff acquired the Land in 1965.  The Road enters Plaintiff's land in its southwest corner and continues eastward until it exits the Land and dead-ends at a small, rural cemetery named Doty Cemetery.  The Plaintiff uses the Road to access the Land, and an unknown number of persons use the Road to travel to the cemetery.  A neighbor used the Road for more than twenty years to access his property and house ("the neighbor").  The Road has been cared for by both Plaintiff and Defendants.

In the 1980s, Plaintiff installed a cattle guard in the Road where it enters Plaintiff's land.  Around the same time, Defendants' predecessors improved the road by installing three low-water crossings on the portion of the Road that crosses the Land.  Defendants have also maintained the Road by adding gravel, grading the road, and removing fallen snow.  All of those projects were done without Plaintiff's permission.

**Analysis**

[A]n appellant's compliance with Rule 84.04 is necessary to ensure that this Court retains its role as a neutral arbiter.  Deficient briefing runs the risk of forcing this Court to assume the role of advocate by requiring us to sift through the legal record, reconstruct the statement of facts, and craft a legal argument on the appellant's behalf.

*Murphree v. Lakeshore Ests., LLC*, 636 S.W.3d 622, 624 (Mo. App. E.D. 2021).

*Plaintiff's Statement of Facts* (*"the PSOF"*)

"Rule 84.04(c) requires the appellant to provide 'a fair and concise statement of the facts relevant to the questions presented for determination without argument.'" *Wallace v. Frazier*, 546 S.W.3d 624, 626 (Mo. App. W.D. 2018) (quoting Rule 84.04(c)).  "The primary purpose of the statement of facts is to afford an immediate, accurate, complete and

unbiased understanding of the facts of the case." *Id.* (quoting *Nicol v. Nicol*, 491 S.W.3d 266, 268 (Mo. App. W.D. 2016)). "A brief does not substantially comply with Rule 84.04(c) when it highlights facts that favor [the appealing party] and omits facts supporting the judgment." *Hendrix v. City of St. Louis*, 636 S.W.3d 889, 897 (Mo. App. E.D. 2021) (quoting *Prather v. City of Carl Junction*, 345 S.W.3d 261, 263 (Mo. App. S.D. 2011)). "Aside from violating Rule 84.04(c), failure to acknowledge adverse evidence is simply not good appellate advocacy. Indeed, it is often viewed as an admission that if the Court was familiar with all of the facts, [the appealing party] would surely lose." *Id.* (quotation omitted).

Here, as noted in Defendants' brief, the PSOF contains an inaccurate and biased description of the evidence and omits critical evidence favorable to the judgment. Specifically, the PSOF claims that "[t]he county road grader did not grade past the cattle guard at the west end of the [Land]; it did not grade the Road to the cemetery." Yet, when Plaintiff was asked during trial whether he had seen road-grading work completed from the cattle guard to the cemetery, his response was, "There'd been some [(sic)] going over it, but I never seen [(sic)] the grader go over it . . . ." Thus, Plaintiff admitted that he knew that someone other than himself had graded past Plaintiff's cattle guard and up to the cemetery without his permission. This was a key fact in determining whether the Road was public or private, and this critical evidence was not included in the PSOF.

Next, the PSOF claims: "When [the neighbor] built a new house back by the cemetery, [Plaintiff] gave him permission to use the Road to get to his new house by the cemetery, which [the neighbor] did after approximately 1995 or 1996." That assertion is contrary to Plaintiff's testimony that the neighbor "didn't use [the Road]" but "*crossed when*

4

*I wasn't there . . .*" (emphasis added).  Under our standard of review, we would be required to assume that the finder of fact disbelieved the first part of that answer and believed the second instead.  The PSOF also did not include that Plaintiff had told the neighbor (and his wife) *not* to use the Road, yet they continued to do so.  Also absent from the PSOF was that Plaintiff went to the extent of placing locks and fencing in an attempt to prevent the neighbor and his wife from using the Road to access their home.

Because the PSOF does not include the above-mentioned evidence that supports the judgment of the circuit court, the PSOF does not constitute an accurate and unbiased statement of facts as mandated by Rule 84.04(c).  This fatal defect alone would support the dismissal of Plaintiff's appeal, but we will address two other fatal deficiencies in Plaintiff's brief that materially impede impartial review on appeal.

*Plaintiff's Points Relied On*

"Compliance with [Rule 84.04(d)] is vitally important as points relied on are essential to an appellant's brief and are intended 'to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review.'"  ***Foreclosure Liens for Delinq. Land Taxes v. Parcels of Land Encumbered with Delinq. Tax Liens***, 672 S.W.3d 90, 94 (Mo. App. E.D. 2023) (quoting ***Lexow v. Boeing Co.***, 643 S.W.3d 501, 505 (Mo. banc 2022)).  Plaintiff's three points, recited *verbatim*, are:

1. The trial court erred in entering judgment for [Defendants] upon [Defendants'] motion for judgment pursuant to Rule 73.01(b) at the close of [Plaintiff]'s evidence because the trial court erroneously applied the law of [s]ection 228.190, RSMo., governing establishment of public roads, in that:

5

(1) the evidence did not establish that the Road has been used by the public for ten years continuously, or that public money or labor has been expended upon the Road for such ten-year period; and

(2) the evidence did not establish that the Road has been identified as a county road for which the county receives allocations of county aid road trust funds from or through the department of transportation for a period of at least five years.

. . . .

2. The trial court erred in entering judgment for [Defendants] upon [Defendants'] motion for judgment pursuant to Rule 73.01(b) at the close of [Plaintiff]'s evidence because the trial court erroneously applied the law of common law dedication, in that:

(1) There was no evidence that [Plaintiff], by unequivocal action, intended to dedicate the Road to public use; and

(2) There was no evidence that the [L]and, if dedicated, was accepted by the public.

. . . .

3. The trial court erred in entering judgment for [Defendants] upon [Defendants'] motion for judgment pursuant to Rule 73.01(b) at the close of [Plaintiff]'s evidence because the trial court erroneously applied the law of prescriptive easements in that there was no evidence that the permissive use of the Road by [the neighbor] or anyone else ever ripened into the requisite adverse use for a period of ten years necessary to support a prescriptive easement.

Among other problems, all three points challenge the judgment in its entirety instead of identifying and challenging a particular ruling or action of the circuit court that led to that final judgment. *See* Rule 84.04(d)(1)(A) ("[E]ach point shall . . . [i]dentify the trial court ruling or action that the appellant challenges . . .").

> The error contemplated by Rule 84.04(d) in a court-tried case is not the judgment itself but the trial court's actions or rulings on which the adverse judgment is based, such as explicitly or implicitly making or failing to make a certain factual finding, applying or failing to apply a particular rule of law, taking or failing to take a certain procedural action, etc.

6

*Wheeler v. McDonnell Douglas Corp.*, 999 S.W.2d 279, 283 n.2 (citing *Thummel v. King*, 570 S.W.2d 679, 685, 688 (Mo. banc 1978)).

Instead of identifying the allegedly erroneous actions or rulings that led to the judgment, all of Plaintiff's points ostensibly contend that the circuit court erroneously applied the law based upon three legal theories that would prohibit a finding that the Road was a private road. This assertion was submitted without "[e]xplain[ing] in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." *See* Rule 84.04(d)(1)(C).

Finally, points 2 and 3 refer to legal theories that were never asserted at trial. Rule 78.07(b) provides that "in cases tried without a jury or with an advisory jury, neither a motion for a new trial nor a motion to amend the judgment or opinion is necessary to preserve any matter for appellate review *if the matter was previously presented to the trial court*." (Emphasis added.) "[A] point is preserved for appellate review only if it is based on the same theory presented at trial." *Faatz v. Ashcroft*, 685 S.W.3d 388, 400 (Mo. banc 2024) (quoting *State v. Rice*, 573 S.W.3d 53, 63 (Mo. banc 2019)). The doctrines of common law dedication (argued in Point 2) and prescriptive easement (argued in Point 3) were never argued or discussed at trial.

"It is not this court's duty to supplement a deficient brief with its own research, to comb the record in search of facts to support an appellant's claim of error, or demonstrate it is properly preserved for appellate review." *Porter v. Santander Consumer USA, Inc.*, 590 S.W.3d 356, 358 (Mo. App. E.D. 2019). And "[i]t is improper for this court 'to speculate as to the point being raised by the appellant and the supporting legal justification and circumstances.'" *Id.* (quoting *Wallace*, 546 S.W.3d at 628).

7

Deprived of the necessary means to conduct an impartial review of Plaintiffs' error-claims, the appeal is dismissed.


DON E. BURRELL, J. – OPINION AUTHOR

JENNIFER R. GROWCOCK, C.J. – CONCURS

BECKY J.W. BORTHWICK, J. – CONCURS